JOHN LOUGHLIN, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

The liability of a master for negligence causing injury to a servant, where the negligence complained of is not the personal act or omission of the master, but of a cc-servant, turns upon the character of the act or omission. If the co-servant, whose negligence caused the injury, was at the time representing the master in doing the master's duty, the latter is liable; if, on the other hand, the co-servant was simply performing the work of a servant in his character as such, the master is not liable.

The fact that the person whose negligence caused the injury was a servant of a higher grade than the one injured, or that the latter was subject to the direction or control of the former and was engaged at the time in executing his orders, does not take the case out of the general rule.

The same rule applies in the case of an employe of the State who has filed a claim for damages under the act of 1870 (chap. 321, Laws of 1870.)

Plaintiff, an employe of the State, was engaged under the direction of W., the captain of the State boat, in digging clay from a bank and loading it on to the boat. While digging under the bank the overhanging earth, which had been loosened by W., fell upon and injured

him. *Held,* that the injury was caused by the negligence of a co-servant, and the State was not liable.

*C., M. & St. P. R. R. Co.* v. *Ross* (112 U. S. 377), disapproved.

(Submitted March 7, 1887; decided March 22, 1887.)

APPEAL from an award of the Board of Claims, made September 10, 1885.

The claim was for personal injuries received by the claimant while in the employ of the State on the State boat on Lake Champlain.

On May eighteenth, while so employed, he was engaged, under the directions of the captain of the boat, in digging and wheeling clay from a bank near the canal on to the boat. Wells, the captain of the boat, had loosened the overhanging earth, and while the claimant was under it, it fell and he was injured.

*Denis O'Brien,* attorney-general, for appellant. A servant, who has accepted service with knowledge of the character and position of structures from which he may be liable to injury, in case of injury resulting therefrom, cannot maintain an action against his employer. He assumes apparent risks. (*Gibson* v. *Erie R. Co.,* 63 N. Y. 449; *De Forest* v. *Jewett,* 88 id. 264; *Powers* v. *N. Y., L. E. & W. R. R. Co.* 98 id. 274; *Kennedy* v. *Man. R. R. Co.,* 33 Hun, 457; *Leary* v. *B. & A. R. R. Co.,* 139 Mass. 580; *Brick* v. *Roch. N. Y. & P. R. R. Co.,* 98 N. Y. 211.) While a master is liable to a servant for injuries resulting from the negligence of a fellow servant, charged with the performance of duties owed by the master to the servant, when the negligence relates to the performance of these duties, he is not liable for the negligence of a careful fellow servant who does not thus stand in the place of the master, although he may have authority and power over the injured servant. (*Hofnagle* v. *N. Y. C. & H. R. R. R. Co.,* 55 N. Y. 608; *Laning* v. *N. Y. C. & H. R. R. R. Co.,* 49 id. 528; *Crispin* v. *Babbitt,* 81 id. 516; *Neubaur* v. *N. Y. etc., R. R. Co.,* 3 East. Rep. 434; *McCosker* v. *L. I. R. R. Co.,* 84 N. Y. 77.) The

master is not responsible to one servant for an injury occasioned by the negligence of a co-servant of the common employer, except when the servant whose negligence caused the injury was an unfit and incompetent person to be intrusted with the duty to which he was assigned, of which the master had knowledge, and when the accident resulted from unsafe and imperfect machinery and appliances. (*Murphy* v. *B. & A. R. R. Co.*, 88 N. Y. 151; *Besel* v. *N. Y. C. & H. R. R. R. Co.*, 70 id. 176.) The omission of Wells to give any warning, or the expression of an opinion that there was no danger, is no ground for recovery. (*Leonard* v. *Collins*, 70 N. Y. 95.) The accident could not have been reasonably anticipated by Wells any more than by the claimant. The principle of *damnum absque injuria* applies. (*Loftus* v. *U. F. C. of B.*, 84 N. Y. 461; *Clark* v. *Barnes*, 37 Hun, 390; *Burke* v. *Witherbee*, 98 N. Y. 568.) The State is not liable. It can be made liable only when the facts proved shall make out a case which would create a legal liability, were the same established in evidence in a court of justice against an individual or corporation. (*Lewis* v. *The State*, 96 N. Y. 71; Laws of 1870, chap. 321.)

*A. D. Wait* for respondent. The board of claims had jurisdiction of the claim filed herein, and the statute under which the claim was filed, and presented to the board for its determination, authorized the board to make an award therein. (Laws of 1870, chap. 321; Laws of 1883, chap. 205, §§ 7, 13; *Sipple* v. *The State*, 99 N. Y., 284, 287, 288.) The proofs did not show that the claimant was guilty of contributory negligence. (*Hawley* v. *No. R. R. Co.*, 82 N. Y., 370, 372.) The board did not err in finding that Wells was, at the time of the accident, an officer and agent of the State of New York. (1 R. S. [7th ed.] 629, § 15; Const., Act 5, § 3, as amended in 1877.) The board did not err in finding that Wells and the claimant were not co-servants, and in not finding that they were co-servants engaged in the same general business. (*Fort* v. *Whipple*, 11 Hun, 587, 591, *Filke* v. *B. & A. R. R. Co.*,

53 N. Y. 549; *Corcoran* v. *Holbrook*, 59 id. 517; *Malone* v. *Hathaway*, 64 id., 5, 12, 13.) It was the duty of the captain to exercise care and prudence that those in his employment should not be exposed to unreasonable risks and danger, and the servant has a right to understand that the master will exercise that diligence in protecting him from injury. (*Patterson* v. *Wallace*, 28 Eng. C. L. 50; *Ryan* v. *Fowler*, 24 N. Y., 410, 413, 414; *Hawley* v. *No. R. R. Co.*, 82 id. 370, 372.) The claimant was justly entitled to an award for the damages sustained. (*C. M. R. Co.* v. *Ross*, 112 U. S. 377; *Brickner* v. *N. Y. C. R. R. Co.*, 2 Lans. 516; 49 N. Y.672; *Filke* v. *B. & A. R. R. Co.*, 53 N. Y. 549; *Fuller* v. *Jewett*, 80 id. 46, 52; *Pantzar* v. *Tilly Foster Iron Co.*, 99 id. 368; *Booth* v. *B. & A. R. R. Co.*, 73 id. 40; *Stringham* v. *Stewart*, 100 id. 516, 526.)

ANDREWS, J. We think the award in this case is in conflict with the decisions of this court defining the responsibility of employers for injuries sustained by servants while engaged in performing the service for which they were employed, resulting from the negligence of co-servants. The master is sometimes responsible for the negligent act of one servant causing injury to a co-servant. But this liability, when it exists, does not rest upon the doctrine of *respondeat superior*, but solely upon the ground that in the particular case the co-servant, whose act or neglect caused the injury, was, by the appointment of the master, charged with the performance of duties which the master was bound to perform for the protection of his servants, a failure to perform which, or a negligent performance of which by a servant delegated to perform them, is regarded in law the master's failure or negligence, and not merely the failure or negligence of the co-servant. The liability of the master, when the negligence was not his personal act or omission, but the immediate act or omission of a servant, turns, as was said in *Crispin* v. *Babbitt* (81 N. Y. 516, 521), upon the character of the act, and this was but the enunciation of the established doctrine in this

State upon the subject.  If the co-servant, whose act caused the injury, was at the time representing the master in doing the master's duty, the master is liable; if, on the other hand, he was simply performing the work of a servant, in his character as a servant or employe merely, the master is not liable.  The injury in the case last supposed would, as between the master and the servant sustaining the injury, be attributable solely to the immediate author and not to the master.  In harmony with the general principle that the character of the act is the decisive test, it has been repeatedly decided in this court that the fact that the person whose negligence caused the injury was a servant of a higher grade than the servant injured, or that the latter was subject to the direction or control of the former, and was engaged at the time in executing the orders of the former, does not take the case out of the operation of the general rule, nor make the master liable. (*Hofnagle* v. *N. Y. C. R. R. Co.*, 55 N. Y. 608; *McCosker* v. *Long Island R. R. Co.*, 84 id. 77; ALLEN, J., in *Wright* v. *N. Y. C. R. R. Co.*, 25 id. 562, 565; FOLGER, J., in *Laning* v. *Same.* 49 id. 528.)  These decisions are decisive against the claim of liability on the part of the State for the injury sustained by the claimant.  It is found that it resulted from the negligence of Wells, the captain of the State boat, who at the time was engaged with several hands employed on the boat (including the claimant) in digging clay from a bank and loading it on to the boat.  The negligence consisted in setting the claimant to work under the bank after Wells had loosened the overhanging earth so that it fell upon and injured the plaintiff.  The case is within the decisions above cited. Wells, although captain of the boat, with power to direct those under him, was, nevertheless, a co-servant within the rule.  The manner of proceeding with the work was committed to Wells.  It involved the exercise of such discretion and judgment only as is committed to a foreman.  It is not claimed that Wells was incompetent for his position, and no question as to the suitableness of appliances furnished by the State arises.  It is the ordinary case of mismanagement by a

co-employe of superior grade, as to the manner of prosecuting an ordinary work in which he and other employes acting under him were at the time engaged. This was a risk incident to the employment which the claimant assumed, and the injury not being one for which the master, if an individual, would be liable, it is not, therefore, one for which the State is liable under chapter 321 of the Laws of 1870. The case of *Chicago, Milwaukee and St. Paul Railroad Company* v. *Ross* (112 U. S. 377), cited in the opinion below, was decided by a bare majority of the court, and is in conflict with the course of decision in this State and elsewhere. (*Slater* v. *Jewett*, 85 N. Y. 61; *Wilson* v. *Merry*, L. R., 1 H. L. Cas. 326; *Farwell* v. *B. & W. R. R. Co.*, 4 Met. 49.)

The award should be reversed and the case remitted to the board of claims for a rehearing.

All concur.

·Ordered accordingly.