Bradley, J.
The defendant was engaged in the foundry and machine business in the city of Rochester, and was employed by the city to repair the lift bridge over the canal in Allen street, which required, among other things, the removal of the counter weights and the replacing them with other and heavier ones. He employed one Williamson to do the work of taking out the weights and removal of them from the bridge, to do which required the erection of a scaffold or staging. Williamson proceeded to and did erect it, and did remove the weights.
The plaintiff was an employee of the defendant, and as such, with some others, was under the direction of the defendant’s foreman set to work putting in the new counter weights, and for that purpose the staging which had been erected by Williamson was used. And while proceeding with the work one of the supporting timbers broke, and a portion of the staging went down, and with it the plaintiff was carried down and seriously injured. The distance between the trusses of the bridge was twenty feet, and the crotches formed by the crossing of the iron stay pieces extending from the bottom to the top chords of the trusses were twenty feet above the floor of the bridge. The scaffold was supported by stringers six by six inches in size, resting in those crotches, and on them were placed hemlock plank. The old outer counter weights had the weight of nine hundred, and the inner ones about six hundred pounds each, and the new ones eleven hundred, and six to eight hundred pounds each. The process of putting them in was to hoist them with a tackle on to the scaffold, and from there in like manner into their places. On April 7, 1883, they were proceeding to lift them on to the scaffold, and when the second of two of the larger ones were placed there with the other, the timber gave way, causing the plaintiff’s fall and injury.
The staging was not constructed by the defendant, but by Williamson, who in doing it was not the servant of the defendant. He was employed to take out the counter *188 weights and the structure incident to that purpose was for his use and that of his employees in the work. He was in no manner restricted or directed in that respect by the defendant, who gave him ample authority to procure at his expense the requisite material for it. The evidence requires the conclusion that Williamson was believed by the defendant to be and was in fact a competent man for the work, that the defendant in good faith relied upon him to perform it, and personally was not skilled in work of this character. It is, therefore, contended on the part of the defense, that the defendant fully discharged his duty to the plaintiff, and if the injury resulted from the insufficiency in any respect of the staging, he is not responsible for it.
Arid in support of that proposition reference is made to Devlin v. Smith (89 N. Y., 470), as authority. It may be observed that in that case as in this one, the person employed to make, and who made the structure, was not the servant of the defendant in doing the work; but there the scaffold was made for the use of the servants of the defendant who employed the scaffold builder, while in the case at bar it was made for the use of the builder and his employees in the performance of the work he was employed and undertook to perform. And to them the defendant assumed no responsibility for any injury they might suffer by reason of any defect in the structure. Hexamer v. Webb, 101 N. Y., 377; 1 N. Y. State Rep., 46.
The defendant, however, was by reason of his relation of master, to them, charged with the duty of exercising reasonable care in providing for his servants suitable tools, appliances and means for the performance of the work in which they were engaged, that they might not in that respect be unnecessarily exposed to the danger of personal injury in the service. And when the plaintiff was put to this work upon the scaffold a duty was devolved upon the defendant and he was required, so far as the exercise of due care would furnish it, to give the plaintiff protection against injury, from the defective condition (if it existed), of the structure. It was then that the defendant assumed a relation in respect to it which did not before exist. And the question arises whether, in view of the fact that Wil: liamson had constructed it under his employment, and was a competent man to do it, the defendant had the right to assume that it was properly and substantially done for the purposes of the work required of the plaintiff and his QOCAPiafoQ tniiT’D
In Vosburgh v. L. S. and M. S. R’y Co (94 N Y., 374), it was held that the defendant, as successor of another company, was not at liberty to assume that a bridge, which *189 its predecessor had erected, was properly constructed, if it was, in fact, defective, and the infirmity may have been ascertained by proper examination, but there the defendant had not employed the person who took charge of the construction. While in that feature the Vosburgh Case is distinguishable from this one, we think the principle applied there is applicable here, not only because Williamson was not employed to provide any means for the performance of work by the defendant’s servants, but also for the reason that his employment was not especially to erect the scaffold, but to do the work which rendered a scaffold essential to its performance. And, therefore, the fact that the builder was so employed by him, and was competent, did not relieve him from the duty of exercising reasonable care by examination, when he put his servants at work there, to see that it was properly constructed, provided it was then defective.
The defendant, however, cannot be charged with liability as for negligence unless the scaffold was in fact in a defective condition, arising from the manner of construction or otherwise, and unless such defect may have been ascertained by the exercise of such care in making examination of it. In respect to the materials in it there was some conflict of evidence relating to the adequacy in size and character of the timber used for the stringers, which, on the part of the plaintiff, tended to prove that six by six inch hemlock was too small and not suitable, and, on the contrary, that it was entirely sufficient. And evidence was .given to the effect both that by the appearance of the broken ends it was and was not of good quality for the "purpose to which it was applied. The fact whether the ■structure was suitable, and if not, whether the defect would have been discovered by the proper examination, were •questions properly submitted to the jury. And, in the consideration of the question of the sufficiency of the staging, the manner of its use, at the- time it gave way, may be to .some extent involved.
Two of the heavier counterweights were placed upon it at or about the same point, although it was practicable to have hoisted the first one to its place from the scaffold before the second one was taken on to it. The reason for doing this at the time is also a matter of conflict of evidence, which had relation to the fact whether or not the tackle, which was used to lift the weights on to the scaffold, would soon be required elsewhere and be taken away. And if the use made of the scaffold to so .accumulate the weights upon it, was an improper use of it, then also arises the question of contributory negligence on the part of the plaintiff.
*190 There is evidence in his behalf tending to prove that the' weights were placed there by the direction of the defendant’s foreman in charge of the work and that he said that the staging would safely hold them. Whether the plaintiff was chargeable with negligence in view of all the circumstances embraced within the evidence bearing upon it, to-which it is unnecessary here to specifically refer, was a question for the jury. But a more serious question arises upon the exception taken to the refusal of the court to-charge the jury as requested “that if the scaffold was proper for the purpose and the defendant was not guilty of negligence in constructing it, and the plaintiff put the weights upon it in pursuance of the order of White, the negligence in giving that order was the negligence of a fellow-servant for which the defendant was not responsible.”' White was the defendant’s foreman before referred to.
The request embraced the contingency that the jury should find the scaffold was a proper one for the work in which the plaintiff engaged and was made on the assumption that they so found, which would reheve the defendant from negligence in that respect. And he would not be hable for the negligence of the foreman in giving the directions referred to if the latter was a co-employee of the-plaintiff in the sense which that term is applied, as the work to which they related was not peculiarly within the duty of the master to perform. The taking by an employee the character of representative of the master so as to charge the latter for his negligence with liability to another employee, does not depend upon his rank in the service, but upon the act in the performance of which he is at the time engaged. Crispin v. Babbitt, 81 N. Y., 516.
The relation of the foreman was that of a co-employee in the work which he and the plaintiff were performing at the time in question, and the negligence of the former was one of the hazards of the service which the plaintiff assumed, provided the foreman was a competent man, which is not questioned. And, although he, as foreman, had the supervision of the work and directed the manner of its performance during its progress, his directions, in that respect,, were not those of the defendant as distinguished from those of a co-employee, but were the directions of the latter. And if he was guilty of negligence in giving them, and. such negligence caused the injury, the defendant was not chargeable to the plaintiff with the consequences of it. This is distinctly announced in Loughlin v. The State (105 N.Y., 159; 6 N. Y. State Rep. 826), and cases there cited, as. the doctrine in this State.
The case of Pantzer v. Tilly Foster I. M. Co. (99 N. Y., 368), does not declare a different rule. There the superin *191 tendent of the defendant, having the management of the business of the company and charged with the duty and ample discretion in the direction of the work, and in using and furnishing all suitable measures and means for carrying it on, and providing for the protection and safety of the workmen, neglected to guard them against danger and injury from the fall of a rock from an overhanging cliff, under which the plaintiff being engaged was injured. This protection was within the duty of the company, for the performance of which it had vested the superintendent as its representative with authority. And his neglect in that .respect was that of the company.
We think the exception to such refusal to charge as requested was well taken. And for that reason the judgment and order should be reversed and a new trial granted, costs to abide the event.
Barker, P. J., and Haight, J., concur.