PHILIP RILEY, APPELLANT, *v.* JOHN O'BRIEN AND HERMAN CLARK, RESPONDENTS.

*Master and servant — liability of the former for an injury to the servant while acting under direction of a superintendent — when the superintendent is not doing the master's duties.*

Where a fellow servant, whose act or omission causes injury to a co-servant, was at the time representing the master in doing the master's duty, the master is liable, if, although a superintendent, he was simply performing the work of a servant, the master is not liable.

The defendant's superintendent, in the construction of an aqueduct, directed the plaintiff to get out from a pile some brick with which to load a car. The plaintiff called the superintendent's attention to the shaky condition of the pile of brick, and was told: "All right, I will attend to that." The plaintiff continued the work, the pile of brick cracked and a covering of boards on the pile slid off and broke the plaintiff's leg.

There was no proof that the superintendent was an incompetent foreman, or that the brick was badly piled or unskillfully covered.

*Held,* that the master was not liable in damages for the injuries sustained by the plaintiff.

APPEAL by the plaintiff from a judgment rendered at the Westchester Circuit, after a trial before the court and a jury, at which the court directed that the complaint should be dismissed upon the merits, and judgment be rendered for the defendant, which judgment was entered in the office of the clerk of the county of Westchester on October 11, 1888.

The action was brought by the plaintiff to recover for injuries which he claimed to have received by the falling of some brick, and

the boards covering them, from a brick pile at which he was working while in the employment of the defendants. It was claimed that the defendants negligently and carelessly permitted large planks covering a portion of said pile to fall upon the plaintiff by reason of which his leg was broken.

*William Riley*, for the appellant.

*E. T. Lovatt*, for the respondents.

BARNARD, P. J.:

The liability of the master for injuries occasioned an employee by the immediate act of a co-servant, and not by the personal act or omission of the master, turns upon the character of the act. If the fellow servant whose act or omission caused the injury was at the time representing the master in doing the master's duty, the master is liable. If, on the other hand, he was simply performing the work of a servant, in his character as servant and employee merely, the master is not liable. Assuming that the plaintiff was an employee of the defendants, the case shows that one Thomas Jones was the defendants' superintendent at shaft No. 17 of the new Croton aqueduct. He told the plaintiff to get out some brick from a pile to load a car. The plaintiff called Jones' attention to the shaky condition of the pile of brick and was told it was " all right, I will attend to that." The plaintiff continued work, the pile of brick cracked, and the covering of boards on the pile slid off and broke the plaintiff's leg. The question is whether the master is liable for the injury; there is no proof that Jones was an incompetent foreman and none that the brick was either badly piled or unskillfully covered. The case seems to show only a neglect of a fellow servant. The grade of the superintendent does not vary the principle that an employee assumes the risk of the service, and that the neglect of an employee gives no cause for complaint against the master. (*Crispin* v. *Babbitt*, 81 N. Y., 516.) The case, then, resembles *Loughlin* v. *State of New York* (105 N. Y., 159). In that case the captain of a State vessel put a workman under him in a dangerous place under a bank. When the bank was loosened below, the part overhanging fell on the plaintiff. This was held to be the act of a fellow servant. The captain had power of direction,

but it was in respect to the manner of proceeding with the work which was committed to his discretion and judgment.

The judgment should, therefore, be affirmed with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.