WILLIAM L. REYNOLDS, Respondent, v. SYLVESTER H. KNEELAND, Appellant.

*Negligence — of fellow-servants — their knowledge of defective tools originally perfect — the duty of the master.*

In an action brought to recover damages alleged to have been caused by the negligence of the defendant, who was engaged in repairing a railroad, it appeared that in control of the gangs of men employed on the work were, first, a superintendent of construction, then a general foreman, and last the plaintiff, who had charge of a gang. Upon the day of the accident the general foreman had put the plaintiff in charge of the work.

In making up a train of hand-cars, upon which the men were to return from their work, a car, which was known by many of the men to be then defective, was put in the front part of the train, and as a consequence the train was thrown from the track and the plaintiff was injured.

The proper place for a defective car, if it were put in a train, was at the rear. There was evidence tending to show the employment of a competent superintendent and workmen, and that the car from which the injury resulted was not defective when originally furnished. The evidence was conflicting as to whether the workmen had ever complained of the car as defective.

Upon the trial the court held, as matter of law, that the plaintiff was a fellow-servant with the members of the gang with which he was working.

The defendant requested the court to charge that if the jury believed that the defendant had employed competent men or a competent superintendent, and that the latter employed competent men under him; that no complaint relative to the car had ever been made to the superintendent; that the latter would have repaired any defect had any complaint been made to him, and that the workmen

used the car, knowing it to be out of repair, then the defendant, if he had no personal knowledge of the matter, was not liable to the plaintiff, which request was refused.

*Held*, that the refusal was error.

That if the defendant had fulfilled the conditions stated in the request, he would have performed his whole duty.

That the use of the car under such circumstances would establish negligence in his fellow-servants for the injury resulting from which the plaintiff could not recover against the master.

APPEAL by the defendant Sylvester H. Kneeland from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on or about the 19th day of January, 1891, upon a verdict in favor of the plaintiff for $10,000, after a trial at the New York Circuit before the court and a jury; and also from an order, entered in said clerk's office on or about the 30th day of January, 1891, denying a motion for a new trial.

*R. G. Ingersoll*, for the appellant.

*H. Fiske*, for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover damages for an injury suffered by the plaintiff by reason of the alleged negligence of the defendant.

The defendant was, at the time of the accident on the 20th of June, 1887, and for some time prior thereto, engaged in repairing, reconstructing and widening the gauge of the Toledo, St. Louis and Kansas City Railroad, which he owned. The plaintiff was in the defendant's employ as a foreman in charge of a gang of men engaged in the work, and on the twentieth of June was employed near Michigantown in the State of Indiana. A Mr. Calhoun was the immediate superior of the plaintiff, as a sort of general foreman, and above him was a Mr. Goodrich, superintendent of construction. Some three days before the accident the plaintiff was put in charge of the work by Mr. Calhoun in his absence according to the orders of Mr. Goodrich, and the plaintiff had charge and control of the gangs at work when Mr. Calhoun was not present. All of these men at the time of the accident lived at Michigantown, with the exception of one foreman, Downhour, who lived at Russiaville, seven miles further on. Downhour's gang were accustomed to go in the morning from Russiaville to Michigantown on a hand-car, and

then lift the hand-car on one of the cars of the train, which was drawn by a locomotive, and come up with the other gangs, and in the evening they would go down on the train to Michigantown and then take their hand-car on to Russiaville. The plaintiff testified that he never had occasion to use a hand-car while in the defendant's employ, until the day of the accident, except once for a few miles under the charge of another man. On the morning of the accident the general foreman Calhoun saw the gangs at work, between seven and nine and again at five. He was at that time traveling on a three-wheel car, and remained at the place where the men were working about ten minutes, having a general conversation with the plaintiff. On the evening of the twentieth of June the construction train was not present to convey the workmen home, but there were a number of hand-cars and one or two push-cars at the station. Thereupon the several gangs proceeded to construct a train out of the hand and push-cars, and the car that Downhour used to return to Russiaville was placed in the middle of this train. One of the witnesses testified that Mr. Calhoun stated that the train would not be there to carry the men home and that they would have to lash the cars together and all the men go down on the cars. When the men quit work they proceeded to prepare the train, including therein a car which was known to many of them to be out of order. After the cars were lashed together the men, among whom was the plaintiff, got on and the train started. After going about a quarter of a mile some one shouted that he had lost a dinner-pail and the train was stopped to allow him to pick it up. The plaintiff, with another foreman, got off the train and walked ahead about a quarter of a mile. During the stoppage, in consequence of the defective condition of this car which had been placed in the middle, it was determined to change its location in the train and it was placed in front and the train started again. If the car was defective, there was evidence tending to show that the proper place to have placed this car was on the rear of the train, and not in the front. When the train overtook the plaintiff he took his seat in front of the train, some one making room for him as the train came along. After it had run a little way it began to go down hill at a pretty high rate of speed, when the car which was out of repair gave way and the plaintiff was thrown over in front of the car and

the whole train ran over him.   He was terribly injured and brought this action to recover his damages.   A recovery having been had, appeal was taken from the judgment thereupon entered, and' from the order denying the motion for a new trial.

It is claimed upon the part of the appellant, as a ground of this appeal, that the accident happened because of the negligence of fellow-servants of the plaintiff, and that, therefore, no recovery could be had.

It does not need the citation of any authorities to support the proposition that there is no liability because of an accident caused by negligence of fellow-servants.   It is well settled, and there is no dispute in repect thereto, the distinctions arising in the various cases from the determination as to whether the party injured was a fellow-servant of the person guilty of negligence.

It appears from the record that this subject of fellow-servants was not distinctly brought before the jury until after the charge, and in pursuance of certain requests made by the defendant.  ` Among other things charged at the request of the defendant, the court charged that, in respect to fellow-servants, no distinction arises from the different grades or rank of the employees, nor from their being engaged in different work, provided the service tends to accomplish the same purpose; that the foreman of a gang employed by a contractor is a fellow-servant of. one of the gang ; and that the various ·men who were employed and were working on the railroad in the gangs under Reynolds were fellow-servants of said Reynolds.   This last proposition took away from the jury all question as to the relation of the plaintiff to the persons who were associated with him in the work which they were there conducting.

It will be observed that there was evidence tending to show that Reynolds had been put in charge of the work in the absence of Calhoun, and that Calhoun was not present at the time the various gangs stopped work on the day on which the accident occurred; and Reynolds was, therefore, the general superintendent of all the gangs and their foreman.   And the court charged, thus not leaving it to the jury, that all these men were the fellow-servants of Reynolds.   And in the consideration of the questions raised upon this appeal it is necessary to treat of the relations of the parties upon that basis.

The court was thereupon requested to charge " That, if Down-hour knew of the defect in the car, and if he put the defective car in the train and changed the train, putting the defective car in front, and that the injury occurred by reason of the defective car and putting it in front, then the defendant is not responsible, as Downhour was a fellow-servant, and his knowledge was the knowl-edge of the plaintiff." This request was refused, and the defendant excepted.

The court was further requested to charge:

" That the only thing incumbent upon the defendant in this case was, in the first place, to supply good machinery, proper tools, and also to employ competent and proper men to superintend the work-men; and that if they believe he did do so, purchased proper machinery and did employ competent and proper men to superin-tend the work, and that although it may appear from the evidence that the persons, or some of them using this hand-car, found it was defective and persisted in using it afterwards — then that the defendant is not responsible." The court declined so to charge, and the defendant excepted.

" That if the jury believed that the defendant had employed competent men or a competent superintendent, and that he employed competent men under him, that no complaint ever was made to this superintendent, and that the superintendent would have repaired any defect had complaint been made to him, and that the men, the fellow-servants of this plaintiff, used the car knowing it to be out of repair, then the defendant, having no personal knowledge, is not responsible." This request was also refused and the defendant excepted.

It is to be observed that the action is based upon the negligence of the defendant. It may not be always necessary to establish per-sonal negligence upon the part of the defendant, but there must be negligence upon the part of somebody who stands in the position of the defendant, and for whose negligence the defendant may be held responsible. The duty of the defendant was to employ proper machinery and competent workmen, and to exhibit care and prudence in the selection of the men to be employed; and if injury results from the carelessness or recklessness of a fellow-servant, under such circumstances, the employer cannot be said to be guilty of negligence.

An employer is not an insurer of the safety of the men employed, although the business may be of a hazardous character. But he must exercise care and prudence in the conduct of the business in order that his employees may not be unduly exposed to the risk of injury.

In the case at bar the evidence tended to show that the persons whom the defendant had placed in charge of this work were careful, prudent and competent men, and that the car in question was originally entirely suited to the purpose for which it was used, namely, the carrying of a few men along the line of the road. There was evidence tending to show that no complaint in regard to the condition of the car had ever been made to any person in charge of the work, nor any request to repair the same ; and although there was evidence to the contrary, perhaps, yet still that necessarily remained a question for the jury, and was embraced in the request which was refused. With evidence of this character, tending to show prudent and careful selection of men and machinery, the fact that such machinery got out of repair, was used when out of repair, and such use resulted in accident, seems to indicate negligence upon the part of the parties who were using this machinery, and failed to report its condition and to procure its being put in proper condition. And the persons who are chargeable with this knowledge, which resulted in an accident, were held by the court to be the fellow-servants of the plaintiff.

By reference to the requests, it will be seen that the counsel requested the court to charge: " That if the jury believed that the defendant had employed competent men or a competent superintendent, and that he employed competent men under him, that no complaint ever was made to this superintendent, and that the superintendent would have repaired any defect had complaint been made to him, and that the men, the fellow-servants of this plaintiff, used the car knowing it to be out of repair, then the defendant, having no personal knowledge, is not responsible."

The refusal to charge this proposition was equivalent to charging the jury that, although the defendant had employed competent men and competent superintendents, and that no complaint was ever made in regard to this car, and that if it had been made it would have been repaired, and the men used the car knowing it to be out

of repair and dangerous, notwithstanding these facts the plaintiff could recover. This seems to be error, because, if those facts existed, the defendant had performed his whole duty.

But it may be said that this proposition did not embrace the original furnishing of proper machinery. But the evidence showed that this car, when originally furnished for this work, was proper for the use to which it was intended to be put; and that it only became unfit for service because of its having got out of repair. And, therefore, it was not necessary to include in that proposition the question of proper machinery, as there was no evidence to show, as already stated, that at the time this car was originally furnished it was out of repair.

It is, therefore, apparent that if there was a failure to report this car as being out of order, and no request for its being put in order, and the accident happened because of its defective condition, there was negligence upon the part of the persons using the car, who were the fellow-servants of the plaintiff.

In the case of *Loughlin* v. *The State* (105 N. Y., 159), it appears that the plaintiff was employed upon the State boat upon Lake Champlain, While so employed, he was engaged, under the direction of the captain, in digging and wheeling clay from a bank near the canal into the boat. The captain of the boat had loosened the overhanging earth, and while the plaintiff was under it, it fell and he was injured. It was found that the injury resulted from the negligence of the captain of the boat; and it was held that although captain of the boat, with power to direct those under him, he was nevertheless a co-servant within the rule; and that it was the ordinary case of mismanagement by a co-employee of a superior grade, and under such circumstances no recovery could be had. So, in the case of *Byrnes* v. *New York, Lake Erie and Western Railroad Company* (113 N. Y., 251), where a car had been improperly loaded and it was being moved by the engine from the switch to the main track, the deceased got upon it to stop it, but in consequence of the improper manner in which the car was loaded the brake was rendered useless, a collision occurred and the deceased thrown from the car and killed. It further appeared that the car was in good condition before it was loaded, and that a proper system

of inspection had been adopted, but which system was not followed out, and it was held that having provided a safe car, and a system of inspection and competent men therefor, the defendant was not liable for injuries resulting to a co-employee. Many other cases of like character might be cited, but these seem to be sufficient to illustrate the principle.

We think, upon an examination of the manner in which this case was submitted to the jury, that it was a virtual direction upon the part of the court that the plaintiff was entitled to recover if he had not personal knowledge of the condition of the car in question, no matter how negligent his employees may have been, not only in using the car at all, but in placing it in the position in the train which they did.

This presented the case in an erroneous form to the jury, and deprived the defendant of that protection which the exercise of due care had thrown around him.

We think that, for these errors, the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

LAWRENCE, J., concurred; O'BRIEN, J., concurred in the result.

Judgment reversed and new trial granted, with costs to the appellant, to abide the event.