C. LAVERNE LUDLOW, Appellant, *v.* THE GROTON BRIDGE AND MANUFACTURING COMPANY, Respondent.

*Negligence — risk of the employment assumed by the servant — competency of the foreman.*

An injury was done to an employee engaged in moving a portion of an iron bridge in process of manufacture, supported on a car by guy ropes, for which purpose stakes had been furnished as braces by the employer, and if used would probably have prevented the accident, which was occasioned by the slacking of the guy ropes in the hands of the foreman and his assistant.

*Held,* that as the injury occurred in the conduct of the business, and arose from the manner in which the foreman and his helper were using the machinery and appliances provided by the employer, the latter was not liable;

That the risk was one incident to the employment as a detail of the working or management of the business.

What proof justifies the court in refusing to submit to the jury the question of a foreman's competency, considered.

APPEAL by the plaintiff, C. Laverne Ludlow, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Tompkins on the 3d day of March, 1896, upon a nonsuit granted by the court after a trial at the Tompkins Circuit on the 21st day of October, 1895, and also from an order entered in said clerk's office on the 3d day of March, 1896, denying the plaintiff's motion for a new trial made upon the minutes.

*Smith & Dickinson,* for the appellant.

*Halliday & Denton,* for the respondent.

MERWIN, J. :

In November, 1894, and for several years prior thereto, the defendant, a domestic corporation, was engaged at Croton, N. Y.

in the manufacture and sale of heavy iron bridges. On the 9th of November, 1894, the plaintiff, then being in the employ of the defendant and at work in one of its shops, received an injury from the falling of a portal or portal brace that had been built in the shop and was being taken out on a car or truck that was pushed along a tramway that extended through the center of the shop and ran out and connected with other tracks that extended to the other shops and to the railroad switch. One Hemmingway was superintendent or foreman in this shop, and the portal was being taken out under his direction.

The plaintiff claims that his injury was caused by the negligence of the defendant. The negligence charged in the complaint is that the defendant "employed such imperfect and defective conveyance thereof, without proper fastenings, that when the same came near where plaintiff was at work by direction of said superintendent, and in consequence of the inexperience and incompetency of said superintendent and the men and servants acting with him, and in consequence of his and their gross negligence, such heavy iron structure, by reason of such negligence, and of its not being properly secured, fell upon this plaintiff while at work as aforesaid."

At the close of the evidence on the part of the plaintiff a nonsuit was granted. It was held that the evidence was not sufficient to make the competency of Hemmingway a question for the jury, and that the negligence, if any, in the moving of the portal was that of Hemmingway as a co-employee.

The portal was about twenty-two or twenty-three feet long, ten or eleven feet high and ten or eleven inches wide at its base. It weighed about 1,800 pounds and was a network of iron lattice work. It was placed upright on a car or truck that was seven or eight feet long and three and one-half or four feet wide. For the purpose of holding it in its place, guy ropes were used, which were held on either side by one or more men. It might have been further held or braced by stakes which were there ready for use in the truck, and had been used the day before by Hemmingway, the foreman, when a similar portal was moved on a lower truck, but the foreman declined to use them, though his attention was called to them. As the truck was being pushed along the foreman and another were holding the guy rope on the easterly side. This they allowed to

slacken as they passed a plate near the track, and as a result the portal tipped the other way and fell, hitting the plaintiff. He was, as he testifies, at work about four feet from the track, but another witness places him about ten feet away. He had been at work in that shop since the June previous, had worked all over the shop, and had also worked there two or three years before. The tramway was in the same place during all the time, and it was used in moving anything out of the shop of any considerable weight.

The primary cause of the accident was the slackening of the rope held by the foreman and his assistant. The accident would probably have been prevented had the stakes been used in bracing the portal. They were effective the day before. There was no lack of sufficient means to move in safety the structure; the trouble was in the manner in which they were used or in failure to use them.

The evidence authorized a finding that the accident happened by reason of the negligence of Hemmingway. The main question here is whether such negligence is attributable to the defendant.

" The liability of a master for an injury to an employe, occasioned by the negligence of another employe, does not depend on the grade or rank of the latter, but upon the character of the act, in the performance of which the injury arises." ( _Crispin_ v. _Babbitt_, 81 N. Y. 516.) In the case cited it is said : " A superintendent of a factory, although having power to employ men, or represent the master in other respects, is, in the management of the machinery, a fellow-servant of the other operatives."

The fact that the place where the services are performed may become unsafe in the progress of the work, resulting from the manner it is done by the co-employees, furnishes no ground to charge the master with liability for physical injuries occasioned by the unsafe condition thus produced. ( _Smith_ v. _Empire Transportation Co._, 89 Hun, 588; _Loughlin_ v. _State of New York_, 105 N. Y. 159.) In _Cullen_ v. _Norton_ (126 N. Y. 1, 7) it is in substance said that an accident, resulting from a negligent act of a foreman, done in the course of the work and in part performance of it, is not chargeable to the master. That was a case of setting a man to work in a place made dangerous by the progress of the work, and the foreman was negligent in not observing and removing the danger.

The case of _Ballard_ v. _Hitchcock Mfg. Co._ (71 Hun, 582 ; affd.

145 N. Y. 619) is claimed to be authority for the position of the plaintiff. In that case the injury arose from the bursting of a boiler which was in fact defective by reason of improper repair. It was held that the duty of proper repair was on the master, and so the defendant was liable. That hardly applies to the present case. The case of *Bushby* v. *N. Y., L. E. & W. R. R. Co.* (107 N. Y. 383) is also relied on by the defendant. That was a case where a freight car was defective by reason of defective stakes. Here suitable stakes were furnished for use but were not used. Nor is the analogy apparent between this case and the case of sending out a railroad train with an insufficient number of brakemen. (*Flike* v. *Boston & Albany R. R. Co.*, 53 N. Y. 549.)

The injury here occurred in the conduct of the business, and arose from the manner in which the foreman and his helpers were using the machinery and appliance that had been furnished by the master. The moving of the manufactured article, whether great or small, whether by car and tramway or by team, pertained to the duty of an operative. (*Slater* v. *Jewett*, 85 N. Y. 74.) As said in the *Loughlin* case (*supra*), it is the ordinary case of mismanagement by a co-employee of superior grade, as to the manner of prosecuting an ordinary work in which he and other employees acting under him were at the time engaged. It was a risk incident to the employment, a detail of the working or management of the business. (*Cullen* v. *Norton*, *supra*, p. 6.)

The court did not err in holding that the defendant was not responsible for the negligence of Hemmingway in moving the portal.

It is claimed that the court erred in refusing to submit to the jury the question of the competency of Hemmingway. He had been engaged there for several years; was familiar with the process of moving the heavy work which the defendant constructed; had been for a long time foreman; had moved safely, the day before, a structure like the one that fell. There is no evidence that he was not fit for the duty, or that any accident like the one in question had previously happened under his superintendency. He knew how to move the portal in safety; he erred in judgment. The court, I think, correctly held that the evidence would not warrant a finding that Hemmingway was not competent.

The manner in which machinery or material was placed in the

shop as affecting the plaintiff's ability to escape the falling of the portal, or the manner in which the plate was placed which the foreman sought to avoid when he slackened the rope, do not furnish good ground for claiming negligence against the defendant, even if admissible under the complaint. The situation was well known to the plaintiff, and no point in this respect seems to have been made at the trial. Nor is there any question in the case about rules. Nor in the rulings upon evidence does there appear any good ground for reversal.

All concurred.

Judgment and order affirmed, with costs.