LUDLOW v. GROTON BRIDGE & MANUFACTURING CO.

(Supreme Court, Appellate Division, Third Department.   December 2, 1896.)

1. MASTER AND SERVANT—FELLOW SERVANT.
    In an action against a bridge manufacturing company for injuries to an employé, it appeared that defendant's foreman and his helpers were taking from the shop a portal brace, consisting of iron lattice work, by means of a truck pushed along a tramway; that the portal was placed on the truck in an upright position, and guy ropes were used to hold it there; that the foreman and a helper allowed a guy rope they were holding to slacken as the truck was being pushed along, and the portal fell, injuring plaintiff, who was at work near the tramway; and that the portal might have been further held or braced by stakes which were there, ready for use, and had been previously used in moving a similar portal, but the foreman declined to use them.   *Held*, that the negligence of the foreman was that of a fellow servant, for which defendant was not liable. 36 N. Y. Supp. 452, 37 N. Y. Supp. 595, affirmed.

2. SAME—NEGLIGENCE OF MASTER—INCOMPETENCY OF EMPLOYE—EVIDENCE.
    In an action for injuries caused by the negligence of defendant's foreman in moving heavy iron bridge work, it appeared that the foreman had been employed at the same place for several years, was familiar with the process of moving the heavy work defendant constructed, had for a long time been foreman, and had the day before safely moved a structure like the one in question, and that he knew how to move it, but erred in judgment. There was no evidence that he was not fit for the duty, or that any like accident had happened before during his superintendency.   *Held*, that the court properly refused to submit to the jury the question of the foreman's competency.

Appeal from circuit court, Tompkins county.

Action by C. Laverne Ludlow against the Groton Bridge & Manufacturing Company for personal injuries caused by defendant's negligence.   From a judgment of nonsuit (36 N. Y. Supp. 452), and

from an order denying a motion on the minutes for a new trial (37 N. Y. Supp. 595), plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-NAM, and MERWIN, JJ.

Smith & Dickinson, for appellant.
Halliday & Denton, for respondent.

MERWIN, J.   In November, 1894, and for several years prior thereto, the defendant, a domestic corporation, was engaged at Groton, N. Y., in the manufacture and sale of heavy iron bridges. On the 9th November, 1894, the plaintiff, then being in the employ of the defendant, and at work in one of its shops, received an injury from the falling of a portal or portal brace that had been built in the shop, and was being taken out on a car or truck that was pushed along a tramway that extended through the center of the shop, and ran out and connected with other tracks that went to the other shops and to the railroad switch.   One Hemmingway was superintendent or foreman in this shop, and the portal was being taken out under his direction.   The plaintiff claims that his injury was caused by the negligence of the defendant.   The negligence charged in the complaint is that the defendant "employed such imperfect and defective conveyance thereof, without proper fastenings, that when the same came near where plaintiff was at work by direction of said superintendent, and in consequence of the inexperience and incompetency of said superintendent and the men and servants acting with him, and in consequence of his and their gross negligence, such heavy iron structure, by reason of such negligence, and of its not being properly secured, fell upon this plaintiff while at work, as aforesaid."   At the close of the evidence on the part of the plaintiff a nonsuit was granted.   It was held that the evidence was not sufficient to make the competency of Hemmingway a question for the jury, and that the negligence, if any, in the moving of the portal was that of Hemmingway as a co-employé.

The portal was about 22 or 23 feet long, 10 or 11 feet high, and 10 or 11 inches wide at its base.   It weighed about 1,800 pounds, and was a network of iron lattice work.   It was placed upright on a car or truck that was 7 or 8 feet long and $3\frac{1}{2}$ or 4 feet wide. For the purpose of holding it in its place, guy ropes were used, which were held on either side by one or more men.   It might have been further held or braced by stakes which were there ready for use in the truck, and had been used the day before by Hemmingway, the foreman, when a similar portal was moved on a lower truck, but the foreman declined to use them, though his attention was called to them.   As the truck was being pushed along, the foreman and another were holding the guy rope on the easterly side.   This they allowed to slacken as they passed a plate near the track, and as a result the portal tipped the other way, and fell, hitting the plaintiff.   He was, as he testifies, at work about 4 feet from the track, but another witness places him about 10 feet

away.   He had been at work in that shop since the June previous; had worked all over the shop, and had also worked there two or three years before.   The tramway was in the same place during all the time, and it was used in moving anything out of the shop of any considerable weight.   The primary cause of the accident was the slackening of the rope held by the foreman and his assistant.   The accident would probably have been prevented had the stakes been used in bracing the portal.   They were effective the day before.   There was no lack of sufficient means to move in safety the structure.   The trouble was in the manner in which they were used or in failure to use.

The evidence authorized a finding that the accident happened by reason of the negligence of Hemmingway.   The main question here is whether such negligence is attributable to the defendant. "The liability of a master for an injury to an employé, occasioned by the negligence of another employé, does not depend on the grade or rank of the latter, but upon the character of the act in the performance of which the injury arises."   Crispin v. Babbitt, 81 N. Y. 516.   In the case cited, it is said: "A superintendent of a factory, although having power to employ men, or represent the master in other respects, is, in the management of the machinery, a fellow servant of the operatives."   The fact that the place where services are performed may become unsafe in the process of the work, resulting from the manner in which it is done by the co-employés, furnishes no ground to charge the master with liability for physical injuries occasioned by the unsafe condition thus produced.   Smith v. Transportation Co., 89 Hun, 588, 35 N. Y. Supp. 534; Loughlin v. State, 105 N. Y. 159, 11 N. E. 371.   In Cullen v. Norton, 126 N. Y. 1, 7, 26 N. E. 905, it is, in substance, said that an accident resulting from a negligent act of a foreman done in the course of the work, and in part performance of it, is not chargeable to the master.   That was a case of setting a man to work in a place made dangerous by the progress of the work, and the foreman was negligent in not observing and removing the danger.   The case of Ballard v. Manufacturing Co., 71 Hun, 582, 24 N. Y. Supp. 1101, affirmed 145 N. Y. 619, 40 N. E. 163, is claimed to be authority for the position of the plaintiff.   In that case the injury arose from the bursting of a boiler which was in fact defective by reason of improper repair.   It was held that the duty of proper repair was on the master, and so the defendant was liable.   That hardly applies to the present case.   The case of Bushby v. Railroad Co., 107 N. Y. 383, 14 N. E. 407, is also relied on by the defendant.   That was a case where a freight car was defective by reason of defective stakes.   Here suitable stakes were furnished for use, but were not used.   Nor is the analogy apparent between this case and the case of sending out a railroad train with an insufficient number of brakemen.   Flike v. Railroad Co., 53 N. Y. 549.   The injury here occurred in the conduct of the business, and arose from the manner in which the foreman and his helpers were using the machinery and appliances that had been furnished by the master.   The moving of the manufactured article, whether great or small, whether

by car and tramway or by team, pertained to the duty of an oper-
ative.   Slater v. Jewett, 85 N. Y. 74.   As said in the Loughlin
Case, supra, it is the ordinary case of mismanagement by a co-em-
ployé of superior grade as to the manner of prosecuting an ordi-
nary work in which he and other employés acting under him were
at the time engaged.   It was a risk incident to the employment,
a detail of the working or management of the business.   Cullen
v. Norton, 126 N. Y. 6, 26 N. E. 905.   The court did not err in hold-
ing that the defendant was not responsible for the negligence of
Hemmingway in moving the portal.

It is claimed that the court erred in refusing to submit to the
jury the question of the competency of Hemmingway.   He had
been engaged there for several years, was familiar with the pro-
cess of moving the heavy work which the defendant constructed;
had been for a long time foreman; had moved safely, the day be-
fore, a structure like the one that fell.   There is no evidence that
he was not fit for the duty, or that any accident like the one
in question had previously happened under his superintendency.
He knew how to move the portal in safety.   He erred in judg-
ment.   The court, I think, correctly held that the evidence would
not warrant a finding that Hemmingway was not competent.

The manner in which machinery or material was placed in the
shop as affecting the plaintiff's ability to escape the falling of the
portal, or the manner in which the plate was placed which the fore-
man sought to avoid when he slackened the rope, do not furnish
good ground for claiming negligence against the defendant, even
if admissible under the complaint.   The situation was well known
to the plaintiff, and no point, in this respect, seems to have been
made at the trial.   Nor is there any question in the case about
rules.   Nor in the rulings upon evidence does there appear any
good ground for reversal.

Judgment and order affirmed, with costs.   All concur.