(15 App. Div. 105.)

### MILLER v. THOMAS et al.

(Supreme Court, Appellate Division, Second Department.     March 16, 1897.)

MASTER AND SERVANT—FELLOW SERVANT—FOREMAN.
  The foreman of a gang of men engaged in shoveling coal into cars from a large pile, the surface of which had been frozen, acts as a fellow servant of the men in so directing the work as to leave a projection of the frozen coal over the men at work.

Appeal from trial term, Rockland county.

Action by George W. Miller against Eben Thomas and another, as receivers of the New York, Lake Erie & Western Railroad Company. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, made on the minutes, defendants appeal.     Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Henry Bacon, for appellants.
J. Du Pratt White, for respondent.

BRADLEY, J.     The purpose of the action was to recover damages resulting to the plaintiff from a personal injury alleged to have been occasioned by the negligence of the defendants.     The accident occurred on February 18, 1895, on the long pier on the Hudson river,

at Piermont, on which at some prior time a large quantity of coal
had been deposited for shipment.   This pile of coal was several
hundred feet in length, about 50 feet in width at the bottom, and
in height about 12 feet.   It had been exposed to rain and snow,
and the surface had been frozen.   At the time in question, the
plaintiff and other employés had for several days been at work there,
shoveling coal from the pile, into cars to be taken away.   The work
was commenced on the north side of the pile, and picks were used
to get through the frozen crust, and, to some extent, to loosen the
coal for the shovel.   It having been so taken out at this place in
the pile as to leave a projection of about three feet of frozen coal
above where the plaintiff was at work with his pick, this suddenly
broke away, and a portion of it fell on, and severely injured, the
plaintiff.   The main question is whether his injury was attributable
to the negligence of the defendants.   They, at the time, had the
control and management of the property and business of the rail-
road company.   The plaintiff was in their service.   They were re-
quired to use reasonable care in providing suitable and safe places
for their employés to do the work which they were called upon to
perform.   The employés, however, assumed the ordinary hazards
incident to the service, in which were included such as were obvious
and the consequences of the negligence of their co-employés.   When
the plaintiff and those engaged with him commenced to work upon
the pile of coal, there was nothing apparently or inherently danger-
ous in the place or nature of the service to charge the defendants
with negligence for setting men at work there.   Later, however,
in the work, as it progressed, and in the course of it, a condition
was produced which was dangerous to one exposed as was the plain-
tiff when he received his injury.   It is not claimed that there was
any want of competency in any of the workmen; but it is urged that,
when the projection of frozen coal was produced, by the removal of
coal beneath it, the place where the plaintiff was engaged was not
such in point of safety as the defendants were required to furnish
him for the service.

Many cases are cited on the subject, but, in the view taken of
the present case, they have no essential application to it, because,
as may be observed, when the plaintiff and his co-employés went to
work on this pile of coal, there was no occasion to apprehend any
danger of injury in the service, and whatever hazard followed arose
from the manner in which the work was done, and, so far as the
place became unsafe, it resulted in the detail of the work from the
method of doing it by the plaintiff and his co-employés.   In such
case the consequences come within the hazards assumed by them.
Hussey v. Coger, 112 N. Y. 614, 20 N. E. 556;  Filbert v. Canal Co.,
121 N. Y. 207, 23 N. E. 1104;  McCampbell v. Steamship Co., 144 N.
Y. 552, 39 N. E. 637; Smith v. Transportation Co., 89 Hun, 588, 35
N. Y. Supp. 534.   This work was under the immediate direction of
one McDowell, who was the foreman.   So far as his duties had the
nature of those with the performance of which the master was char-
ged, he was the alter ego of the defendants.   In such relation he
hired men to work on the pier.   But, so far as related to the service

in which the men at work there were engaged, he does not appear to have been other than their co-employé, although the manner of proceeding with the work was committed by the defendants to him. Loughlin v. State, 105 N. Y. 159, 11 N. E. 371; Cullen v. Norton, 126 N. Y. 1, 26 N. E. 905. The rule of distinction between a person in that relation and one who represents the master is well defined where the service is limited, and not that of general supervision. Then the representative character of his act is dependent upon the nature and purpose of it. In the Sheehan Case, 91 N. Y. 332, the Dana Case, 92 N. Y. 639, and Hankin's Case, 142 N. Y. 416, 37 N. E. 466, to which our attention is called, it was held that the duties of a dispatcher in receiving and communicating orders relating to the running of trains were those devolved upon the master, and therefore the railroad companies were chargeable to their employés for the injurious consequences of the negligence of the dispatchers. In the Pantzar Case, 99 N. Y. 368, 2 N. E. 24, the general management and control of the industrial enterprise was intrusted to the superintendent, who, as such, fully represented the master, and stood in his place; and in that case there was an unsafe condition, dangerous to the plaintiff, where he was put to work, and not visible to him. It resulted in his personal injury, chargeable to the negligence of the defendant. In the McGovern Case, 123 N. Y. 280, 25 N. E. 373, and the Buckley Case (Sup.) 2 N. Y. Supp. 133, Id., 117 N. Y. 645, 22 N. E. 1131, the places of service were unsafe when the employés were put to work, and, by the exercise of reasonable care on the part of the defendants, the injuries which followed might have been avoided.

Our attention is called to Doing v. Railway Co., 151 N. Y. 579, 45 N. E. 1028. The ground on which it was held that the defendant may have been chargeable for the consequences of an injury to its employé is that the nature of the business done in its workshop, and the manner in which it was conducted by those engaged there, were such as to require the defendant to provide for their safety suitable rules and regulations to be observed there, and that its fault was in the failure to furnish them. That case has no necessary application to the one at bar. The overhanging section of frozen coal which caused the calamity was an obvious condition, and that it might fall was within reasonable apprehension. It may be deemed to have been a menace which the foreman should not have permitted; and whether, by work on the top of the pile, by his direction, or without it, the accident was caused, is not important for the purposes of the result, since the foreman was the co-employé of the plaintiff in the service.

In view of the principles applicable to this class of cases, there seems to be no support in the evidence for the charge that the plaintiff's injury was caused by the negligence of the defendants.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.