JOSEPH A. BYRNES, Appellant, *v.* BROOKLYN HEIGHTS RAILROAD COMPANY, Respondent.

*Negligence — a carpenter at work on a car stable injured in consequence of a ladder on which he stood being knocked down by a horse in charge of an employee of the railroad company.*

A carpenter who, while employed by a railroad company in the rebuilding of car stables, is injured in consequence of a ladder, on which he is standing, near one of the tracks leading from the stables being thrown down by a horse which was attached to a cart used in removing *débris* which had accumulated during the building — of the approach of which cart another employee of the railroad company had promised, but failed, to warn him — must be deemed to have accepted the risks incident to his employment and to have sustained such injuries as the result of the act of the driver of the cart, who was a co-employee and in nowise the *alter ego* of the railroad company.

APPEAL by the plaintiff, Joseph A. Byrnes, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 15th day of April, 1898, upon the dismissal of the complaint by direction of the court after a trial before the court and a jury at the Kings County Trial Term.

*Charles F. Brandt,* for the appellant.

*John L. Wells,* for the respondent.

WOODWARD, J.:

The plaintiff in this action is a carpenter, and was employed by the defendant in the rebuilding of car stables at Flatbush and Vernon avenues, on the 30th day of September, 1896. He was under the immediate direction of Richard Hall, who was also in the employ of the defendant, and was at work upon a ladder in front of the car stables, the ladder standing near one of the tracks leading out of the stables. At the same time a young man by the name of Freeman was engaged in cleaning out the *débris* which had accumulated while the rebuilding was going on, and for the purpose of removing the material he was given a horse attached to a two-wheel cart, and this cart, as often as loaded, was driven out of the stables and dumped. When the plaintiff went upon the ladder he was told by Hall that he would

stand guard, and would give him notice whenever it was necessary for the cars or the cart to pass in or out of the stables. Plaintiff mounted the ladder, and after being at work some time he was called down to permit two cars to pass out. He went back to his work after replacing the ladder. In the meantime Hall went to a distant part of the stables, and while absent from the foot of the ladder the horse attached to the cart started out of the stables. The plaintiff heard the cart approaching, and, looking down, saw the horse within a short distance of the ladder. He dropped his hammer and attempted to get a firm hold upon the ladder, but before he could do so the foot of the ladder was pushed from its foundation and the plaintiff was thrown to the ground, sustaining the injuries for which he now seeks recovery. The trial court dismissed the complaint upon the ground that the negligence was that of a fellow-servant, to which the plaintiff duly excepted; and the plaintiff urges upon this court that he was entitled to go to the jury upon the case made. The complainant alleges that while at work as a carpenter, and "while on a ladder about fifteen feet above the ground, a horse of the defendant, harnessed to a cart, which had been unlawfully and negligently left untied, suddenly started off without its driver and dashed up against the foot of the ladder upon which plaintiff was working and knocked it down, thereby throwing plaintiff to the ground with great force and violence, all of which was due to the negligence of defendant, its agents, servants and employees, and plaintiff in no manner contributed." The negligence of Hall in leaving the ladder, and in being 100 feet away, was not the proximate cause of the accident; that was due, as the complaint alleges, to the horse in charge of Freeman running away; and it is by no means certain that Hall could have prevented the accident even had he been present. That Freeman, who was engaged in cleaning up after the carpenters, was a fellow-servant engaged in the same general work, is too evident to need any discussion. The plaintiff mounted the ladder knowing that Freeman was engaged in the work and that the horse and cart would be frequently passing in and out of the building. He had as good an opportunity of knowing and appreciating the risks involved as Hall, and he must be assumed to have accepted the risks incident to the employment. In carrying out the details of the work in hand it is difficult to see how Hall

stood in any other relation to the plaintiff than that of a fellow laborer.

The rule is that " If the act is one pertaining to the duty which the master owes to his servants, he is responsible to them for the manner of the performance of it.   If it is one which pertains only to the duty of an operative, the employee performing it is a mere servant, and the master, although liable to strangers, is not liable to a fellow-servant for the improper performance of it." (*Slater* v. *Jewett*, 85 N. Y. 61.)   The duty of the master in the premises was to furnish the employee a reasonably safe place in which to perform his work, to supply him proper tools and implements, and to afford him competent co-laborers.   It is not contended that the place in which the plaintiff was put to work was more dangerous than other places upon a ladder of equal height from the ground, except that it was necessary for the cars and cart to pass in and out, necessitating at times the removal of the ladder ; nor is there any claim put forward that the defendant had not supplied competent fellow-servants.   In other words, it does not appear from the pleadings or the evidence that the plaintiff was exposed to any dangers which were not known and obvious.   If the defendant had in these respects discharged the duty it owed to the plaintiff, any negligence either on the part of Hall or Freeman in carrying out the details of the work, was the negligence of fellow-servants and not of the defendants, who could not, in law, be charged with responsibility.   " If the co-servant, whose act caused the injury," say the court in the case of *Loughlin* v. *State of New York* (105 N. Y. 159, 163), " was at the time representing the master in doing the master's duty, the master is liable ; if, on the other hand, he was simply performing the work of a servant, in his character as a servant or employe merely, the master is not liable."   Hall, in promising to remain at the foot of the ladder, was not representing the master ; he was the competent fellow-servant whom it was the duty of the master to furnish, and he was, at the time, doing the work of a servant or employe, and was not representing the master.   But Hall's act did not cause the injury ; that was the result of the negligence of Freeman, who was in charge of the horse ; and, as to him, there is no suggestion that he was representing the master.

This case comes clearly within the rule laid down by the court in

the case of *Loughlin* v. *State of New York* (*supra*) in so far as it is assumed that Hall was in any manner representing the defendant, or that he was in any degree the cause of the accident; while as to Freeman there is no question; he was clearly a fellow-servant, and the plaintiff is without a remedy against the master.

The judgment appealed from should be affirmed.

Judgment unanimously affirmed, with costs.