OLE JOHNSON v. ST. PAUL GASLIGHT COMPANY.[1]

July 20, 1906.

Nos. 14,732—(135).

**Master and Servant—Questions for Jury—Damages.**

   Plaintiff, a laborer, while laying defendant's gas mains in trenches excavated for that purpose was injured by a horse falling into the unguarded trench. It is held that it was for the jury to determine the following questions: (1) Whether the defendant was negligent in not guarding the trench; (2) Whether the foreman who directed plaintiff to tamp back the earth in the trench was a fellow servant or a vice principal; (3)

, 1 Reported in 108 N. W. 816.

Whether the plaintiff assumed the risk of the work which resulted in an accident not due to the natural progress of the work but to the operation of a cause wholly disconnected with and independent of it; and (4) Whether the plaintiff was guilty of contributory negligence in continuing to work with knowledge that the boards, fencing and red signal lanterns provided by the master for guarding the excavation were not put in place to protect him but without knowledge, as a matter of law, that no men were stationed near to warn away people approaching. The damages awarded by the jury, $600, although large, are not excessive.

Action in the district court for Ramsey county to recover $2,000 for personal injuries. The case was tried before Bunn, J., and a jury, which rendered a verdict in favor of plaintiff for $600. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*M. H. Boutelle* and *A. M. Higgins,* for appellant.

*Humphrey Barton,* for respondent.

JAGGARD, J.

Plaintiff, a laborer, who was assisting in laying defendant's mains in trenches excavated for that purpose, in a public street, was ordered by his foreman to start filling in a trench. He was tamping the earth back into the tunnel when a horse driven along the thoroughfare by a third person fell into the excavation and caused the damages here sought to be recovered. Plaintiff was familiar with the general manner in which such work was performed, and had been in defendant's employ for about a month at similar work. He knew that horses and street cars passed over the street, and that at the time he was hurt there were no barriers, lights, or other protection about the trench. The questions, whether defendant was guilty of actionable negligence, whether the foreman was a fellow servant or a vice principal, whether plaintiff assumed the risk or was guilty of contributory negligence were all submitted to the jury. The jury brought in a verdict for $600. This appeal was taken from an order denying defendant's alternative motion for judgment notwithstanding the verdict or for a new trial.

Most of the questions raised on this appeal were tersely but clearly determined by the trial court's memorandum, which we adopt as our own for the purposes of this appeal. It is as follows: "I think that

the question of defendant's negligence was properly submitted to the jury. I believe that the negligence of the foreman in making the trench, and where plaintiff was put to work, an unsafe place, was the negligence of the defendant. This absolute duty of the master had been delegated to the foreman, and his negligence in failing to perform the duty is the negligence of the master, not of a fellow servant. It is not a case where the place was made unsafe during the progress of the work by the negligence of an employee of defendant in doing any part of the work of the servants, but a case of failure on the part of a vice principal to perform an absolute duty of the master delegated to him, the duty to furnish the servants a reasonably safe place in which to do their work, and to use reasonable care to keep that place reasonably safe during the progress of the work. At least the question whether the negligence was that of a fellow servant or vice principal was for the jury, and was on the whole correctly submitted to the jury by the court. As to plaintiff's assumption of the risk, I think he had a right to assume that the foreman would protect him from such extraordinary and unnecessary accident as that which happened. Plaintiff did not know and was not bound to know that the foreman would not remain near the trench to warn travelers on the street. He therefore could not know or appreciate his danger."

On this appeal defendant further argues that the uncontradicted evidence shows that the defendant had furnished boards or fencing and red signal lanterns for use at such places; that the established rule is that where proper instrumentalities were furnished for the use of the servant, failure to make use thereof causing injury will not sustain a claim of negligence upon the part of the master. In support of this rule defendant cites Collins v. St. Paul & Sioux City Ry. Co., 30 Minn. 31, 14 N. W. 60; 2 Labatt, M. & S. § 604; Kaare v. Troy, 139 N. Y. 369, 34 N. E. 901; Griffiths v. Gidlow, 3 H. & N. 648; Ludlow v. Groton, 11 App. Div. 452, 42 N. Y. Supp. 343; Trimble v. Whitin. 172 Mass. 150, 51 N. E. 463; Clark v. Riter-Conley, 39 App. Div. 598, 57 N. Y. Supp. 755.

It does not appear in this case, however, that these boards, fences, and lights were provided for the purpose of guarding against accident while the work was in progress. Their function was to give notice of the unfinished condition of the work, as in the evening when the

workmen had left it. They were not used until the men had "quit work." Moreover, if the foreman had remained near the ditch, or had stationed some one there to warn travelers in the street, there would have been no necessity for the use of these instrumentalities.

The most serious question presented by the record concerns the amount of the verdict. The injuries suffered were few, and not significant, nor painful, nor permanent. If the trial judge had reduced the verdict, his action in this regard would have been unhesitatingly affirmed. He has not seen fit so to do. Having heard the testimony and having seen the plaintiff, he was in much better position than are we to determine the fairness of the jury's conclusion. We conclude accordingly that the record does not contain enough to justify granting a new trial, because of an excessive verdict or for the refusal of the trial court to reduce it to a smaller sum than the jury awarded.

Order affirmed.