(9 App. Div. 127.)

TOMASELLI v. JOHN GRIFFITHS CYCLE CORP.

(Supreme Court, Appellate Division, Second Department. October 6, 1896.)

MASTER AND SERVANT—UNSAFE APPLIANCE.

A temporary apparatus for hoisting, while the elevator was out of order, devised by defendant's shipping clerk, with the assistance of plaintiff and other subordinate employés, is an appliance by means of which the employés performed their labor; and defendant is liable for injuries to an employé caused by its insufficiency.

Appeal from trial term, Kings county.

Action by Lorenzo G. Tomaselli, Jr., against the John Griffiths Cycle Corporation, for personal injuries. The complaint was dismissed, and plaintiff appeals. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

Horatio C. King, for appellant.
William A. Belcher, for respondent.

HATCH, J. The question of law which must determine the disposition of this case is clear, and well settled by numerous authorities. It is the fitting of the facts that produces the confusion. It appeared that plaintiff had been in defendant's employ but a day and a half when he received the injury of which he complains.

At the time of the reception of the injury, he was called to assist about the raising of a box, containing material manufactured by defendant, from the basement or cellar of the building to the sidewalk above. The box weighed about 1,200 pounds. The elevator by which this material was usually hoisted was out of repair, and the shipping clerk, having the matter in charge, directed and assisted about providing a temporary hoisting apparatus for raising the box in the elevator shaft. This, when complete, consisted of a piece of iron laid across the space, and resting upon the combing of the elevator shaft on either side. Plaintiff's evidence tended to show that the iron was cast iron, about five feet long, and half an inch thick. The tackle to hoist was a block pulley, which was attached to the iron, and a chain run through the pulleys, which the men pulled upon in hoisting the box. Plaintiff had nothing to do with fixing this apparatus, although he saw the iron, and knew generally what it was. When the tackle was attached to the box, the shipping clerk directed plaintiff to get upon it, and pull upon the chain, and thus raise the box. Others assisted, some in pulling at the chain, and others in prying on the box with a lever. When the box was within about two feet of the surface of the walk, the iron broke, and plaintiff was precipitated into the cellar, receiving the injuries complained of.

It is quite evident from this testimony that the construction of the tackle by means of which the box was to be raised was not a detail of the work which plaintiff was required or expected to perform, but was an appliance by means of which he performed the labor required of him. The obligation was therefore imposed upon the defendant to exercise reasonable care and prudence in the selection of this appliance, and to see that it was reasonably suitable and safe for the purpose to which it was applied. This duty was primary, and could not be delegated to a servant, so as to shield the master from liability for damage occasioned through an omission of the servant to properly discharge it. Probst v. Delemater, 100 N. Y. 266, 3 N. E. 184; Ellis v. Railroad Co., 95 N. Y. 546. Whether the defendant discharged this duty in the present case, and whether the appliance furnished was safe and suitable for the purpose, became, upon the evidence, a question of fact for the jury to determine. They had before them the size and quality of this piece of iron, the weight to which it was subjected, and the manner in which the work was performed. It therefore rested with them to say whether or not this piece of iron could be regarded as a reasonably safe and suitable appliance, and whether, in the exercise of reasonable care and prudence, it ought to have been selected for that purpose. It did, in fact, lack sufficient strength to resist the strain brought upon it. Ought this not to have been foreseen by the servant when he selected it, and would it not have been had he exercised care and prudence in its selection? We think the court could not determine these questions as matter of law, and that a case was made out requiring submission of it to the jury.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.