Robert Moore, Respondent, *v.* Donald McNeil and John McNeil, Composing the Firm of McNeil Bros., Appellants.

*Negligence — liability of a master for injuries sustained by a servant in consequence of a defective scaffold.*

A master is not liable for injuries sustained by a servant in consequence of the breaking of a plank in a scaffold, in the construction of which the servant was assisting, where there is no evidence that the planks supplied by the master for the erection of the scaffold were unfit for that purpose, and it appears that the selection of the plank which broke from among those supplied, was the act of the foreman of the gang engaged in constructing the scaffold or of some member thereof.*

Appeal by the defendants, Donald McNeil and another, composing the firm of McNeil Bros., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 21st day of April, 1898, upon the verdict of a jury for $250, and also from an order entered in said clerk's office on the 28th day of April, 1898, denying the defendants' motion for a new trial made upon the minutes.

*L. Sidney Carrère*, for the appellants.

*Richard A. Rendich*, for the respondent.

* See *Stewart* v. *Ferguson* (34 App. Div. 515).— [Rep.

GOODRICH, P. J. :

The plaintiff was engaged as one of a gang of laborers in the employ of the defendants, who were making repairs "'tween decks" of the steamer *Verona*, on May 5, 1897, in the Atlantic basin, at Brooklyn. In the course of the work it became necessary to erect a scaffolding between decks. This scaffolding had been partly completed, and the plaintiff was assisting in its construction and standing upon it, hauling up a plank, when another man jumped down on the scaffolding and one of the planks broke, precipitating the plaintiff into the hold. The immediate foreman of the gang engaged in erecting the scaffolding was one Petersen. He and others of the gang selected the planks to be used in the construction from some hundreds of planks scattered in various parts of the vessel, which, the plaintiff's witnesses testified, were new, or appeared to be new. There is no evidence that any of these planks were obviously defective. The only testimony on the subject of the plank which broke is that "The plank broke on a kind of an angle, not a cross break;" that "part of it was a new break;" that "The wood appeared so that it was laying in water and pretty well dried out, and when the weight got on it, it went down;" that as to the break, "Part was a dark break, and part was a new break — light." This evidence does not seem to be sufficient to justify a belief that there was any defect in the plank which broke.

This case seems to me to fall within the principle laid down in *Stourbridge* v. *Brooklyn City R. R. Co.* (9 App. Div. 129) where this court, Mr. Justice CULLEN writing, held that a master discharged his duty to a servant when he supplied a sufficient quantity of proper and suitable material; and that the choice of material, the selection of sound beams, the rejection of such beams or parts as were defective, work which necessarily is involved in the erection of structures of wood, were details of the work and strictly the duty of the fellow-servant.

The Court of Appeals in *Kimmer* v. *Weber* (151 N. Y. 417) held that if a master furnishes his servants suitable materials for the construction of a scaffold on which to do work, and the servants voluntarily construct it according to their own judgment, the master is not liable to the servants for the manner in which they used the material. The same case held that the master is not liable to his

servant for the negligent performance of some detail of the work intrusted to the servant, whatever may have been the grade of the servant who executed such detail, and that if it is the work of the servant and he volunteers to perform it, and the master is not at fault in furnishing proper materials, there is no breach of duty on the part of the latter.

There is no evidence in the case at bar that the planks from which the one in question was selected were unfit for the use to which they were applied, and the selection of one from the others was either the act of the foreman, Petersen, or some other one of the gang. Either of these persons was a fellow-servant of the plaintiff, for whose negligence in the performance of a detail of the work the defendants cannot be held responsible. ( *Watts* v. *Beard*, 18 App. Div. 243, citing *Loughlin* v. *State of New York*, 105 N. Y. 159.)

For these reasons, we think that there was no negligence shown on the part of the defendants, and the exception to the refusal to dismiss the complaint was error for which the judgment must be reversed.

All concurred.

Judgment and order reversed and new trial granted, costs to abide the event.