### MOORE v. McNEILL et al.

(Supreme Court, Appellate Division, Second Department. December 14, 1898.)

1. MASTER AND SERVANT—INJURIES—NEGLIGENCE—FELLOW SERVANT.
     Where a master furnishes plenty of good material to build a scaffold, he is not liable for an injury to the servant due to the negligence of a fellow servant in selecting a defective timber for the scaffold.

2. SAME.
     A foreman of a gang engaged in building a scaffold is a fellow servant of a member of the gang.

Appeal from trial term, Kings county.

Action by Robert Moore against Donald McNeill and another for personal injuries. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

L. Sidney Carrère, for appellants.
Richard A. Rendich, for respondent.

GOODRICH, P. J.   The plaintiff was engaged as one of a gang of laborers in the employ of the defendants, who were making repairs between-decks of the steamer Verona, on May 5, 1897, in the Atlantic Basin, at Brooklyn.   In the course of the work it became necessary to erect a scaffolding between-decks.   This scaffolding had been partly completed, and the plaintiff was assisting in its construction, and standing upon it, hauling up a plank, when another man jumped down on the scaffolding, and one of the planks broke, precipitating the plaintiff into the hold.   The immediate foreman of the gang engaged in erecting the scaffolding was one Peterson.   He and others of the gang selected the planks to be used in the construction from some hundreds of planks scattered in various parts of the vessel, which, the plaintiff's witnesses testified, were new, or appeared to be new.   There is no evidence that any of these planks were obviously defective.   The only testimony on the subject of the plank which broke is that "the plank broke on a kind of an angle, not a cross break"; that "part of it was a new break"; that "the wood appeared so that it was laying in water, and pretty well dried out, and, when the weight got on it, it went down"; that, as to the break, "part was a dark break, and part was a new break,—light."   This evidence does not seem to be sufficient to justify a belief that there was any defect in the plank which broke.

This case seems to me to fall within the principle laid down in Stourbridge v. Railroad Co., 9 App. Div. 129, 41 N. Y. Supp. 128, where this court, Mr. Justice Cullen writing, held that a master discharged his duty to a servant when he supplied a sufficient quantity of proper and suitable material; and that the choice of material, the selection of sound beams, and the rejection of such beams or parts as were defective,—work which necessarily is involved in the erection of structures of wood,—were details of the work, and strictly the duty of the fellow servant.   The court of appeals in Kimmer v. Weber, 151 N. Y. 417, 45 N. E. 860, held that if a master furnishes his servants suitable materials for the construction of a scaffold on which to do work, and the servants voluntarily construct it according to their own judgment, the master is not liable to the servants for the manner in which they used the material.   The same case held that the master is not liable to his servant for the negligent performance of some detail of the work intrusted to the servant, whatever may have been the grade of the servant who executed such detail; and that if it is the work of the servant, and he volunteers to perform it, and the master is not at fault in furnishing proper materials, there is no breach of duty on the part of the latter.   There is no evidence in the case at bar that the planks from which the one in question was selected were unfit for the use to which they were applied; and the selection of one from the others was either the act of the foreman, Peterson, or some other one of the gang. Either of these persons was a fellow servant of the plaintiff, for whose negligence in the performance of a detail of the work the defendants cannot be held responsible.   Watts v. Beard, 18 App. Div. 243, 45 N. Y. Supp. 873, citing Loughlin v. State, 105 N. Y. 159, 11 N. E. 371.

For these reasons we think that there was no negligence shown on

the part of the defendants, and the exception to the refusal to dismiss the complaint showed error, for which the judgment must be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.