## CHAMBERS v. AMERICAN TIN PLATE CO.

(Circuit Court of Appeals, Sixth Circuit. May 4, 1904.)

No. 1,243.

1. MASTER AND SERVANT—INJURIES TO SERVANT—SCAFFOLDING—CONSTRUCTION—DUTY OF MASTER.

Where defendant, engaged in the construction of a building, undertook to erect scaffolding for the use of bricklayers, and, to accomplish this, employed a boss carpenter, who, with his servants, negligently constructed the same with light and insufficient materials, by reason of which one of the bricklayers was injured, defendant was liable therefor.

In Error to the Circuit Court of the United States for the Northern District of Ohio.

Action for personal injuries sustained by the plaintiff, while in the defendant's employ, by the fall of a scaffolding on which he was standing when laying brick in a wall of a building in course of construction. Upon the conclusion of the plaintiff's evidence, Wing, District Judge, instructed the jury to return a verdict for the defendant.

Chas. Fillus and Murray & Koonce, for plaintiff in error.

T. H. Gilmer and E. K. Wilcox, for defendant in error.

Before LURTON and RICHARDS, Circuit Judges, and CLARK, District Judge.

LURTON, Circuit Judge. The defendant was erecting for its own use a large brick mill. It supplied the materials and hired masons and carpenters by the day, and the work was carried on under the general direction of a superintendent. A scaffolding was constructed out of material furnished by the defendants for the use of the masons in the prosecution of their work. This scaffold fell while the plaintiff was standing thereon engaged in laying brick. The petition charges that the fall was due to defective and unfit materials and also to negligent construction. The falling of a staging or scaffold without any apparent cause may well be regarded as prima facie evidence of negligence on the part of the person who had provided it. Stewart v.

¶ 1. See Master and Servant, vol. 34, Cent. Dig. § 397.

129 F.—36

Ferguson, 164 N. Y. 553, 58 N. E. 662. But in this case there was evidence tending to show that its fall was due to negligent construction. There was also evidence showing that the materials furnished by the defendant for the construction of this scaffold was hemlock lumber, one inch thick, full of knots and knotholes. There was no expert evidence as to the fitness of such materials for such a purpose, though there was evidence of the load which was likely to be upon it, and that it fell under a less load than ordinarily expected. There was also evidence that some of the planks were found broken "crosswise," as well as split. We are not sure that expert evidence was essential, under such facts, to justify a submission of the question of the quality and fitness of such materials for such a purpose. The common experience and knowledge of the strength of such material would seem to furnish a fair standard for an intelligent judgment upon such a question. Inasmuch, however, as there must be a reversal of the case upon another ground, we express no opinion upon the ruling of the trial judge in respect to this aspect of the case.

The evidence tended to show that the masons did not undertake or assume to construct this staging, and that neither the plaintiff nor any of those workmen for whose use it was constructed had anything whatever to do with its building or the selection of materials therefor. Upon the other hand, there was evidence tending to show that the defendants assumed and undertook to construct same, and that they had same made by one John Frampton, a boss carpenter in their employment, and that Frampton was in no way aided or assisted by other than his carpenter helpers. There was also evidence tending to show that when the scaffold was finished the plaintiff and his fellow masons were directed by the foreman of the bricklayers to go upon and continue their work upon same. The only question, then, is whether the relation of the parties is such that the defendants are liable for the negligence of Frampton in the construction of the staging so made. There is a line of cases holding that when the employer furnishes suitable materials, and the workmen themselves construct a scaffolding or staging as a part of the work which they undertake to perform, and build it according to their own judgment, that the employer is not liable for an injury to one of their own number, sustained in the subsequent use of the structure, in consequence of negligence in construction. The erection and re-erection of such a staging as the work requiring its use progresses, being itself a part of the very work which the employés are to do, takes it without the general rule in respect to the duty of the master to exercise reasonable care to furnish a reasonably safe place and appliances. Am. & Eng. Ency. Law, vol. 20, p. 82; Kimmer v. Weber, 151 N. Y. 417, 421, 45 N. E. 860, 56 Am. St. Rep. 630; Armour v. Hahn, 111 U. S. 313, 4 Sup. Ct. 433, 28 L. Ed. 440; Killea v. Faxon, 125 Mass. 485. But the rule is quite otherwise if the employer himself undertake to furnish such scaffolding for the men who are to work thereon. In such case the duty is one of those positive duties of the master toward the servant which cannot be discharged by the substitution of a competent agent. The act or service to be done is that of furnishing a reasonably safe place or appliance, and negligence in the doing of such a service is the negligence of the master, without re-

gard to the rank of different employés. Connor v. Pioneer Co. (C. C.) 29 Fed. 629; McNamara v. McDonough, 102 Cal. 575, 36 Pac. 941; Coughtry v. Globe Woolen Co., 56 N. Y. 124, 15 Am. Rep. 387; Kimmer v. Weber, 151 N. Y. 417, 45 N. E. 860, 56 Am. St. Rep. 630; Bowen v. The C. B. & K. C. Ry., 95 Mo. 268, 8 S. W. 230; Mulchey v. Methodist Society, 125 Mass. 487; C. & R. Co. v. Maroney, 170 Ill. 520, 48 N. E. 953, 62 Am. St. Rep. 396; Behm v. Armour, 58 Wis. 1, 15 N. W. 806; Austin Mfg. Co. v. Johnson, 89 Fed. 677, 32 C. C. A. 309; Am. & Eng. Ency. Law, vol. 20, p. 81; Labatt, Master & Servant, 614 et seq. In Killea v. Faxon, 125 Mass. 485, it appeared that the staging had been made by direction of the master or his superintendent by a carpenter in his employment, and that it subsequently gave way when being used by a workman sent by a coppersmith to put up gutters bought from him. The court held that there was no evidence that the employer undertook to furnish a staging for the plaintiff, and that the negligence of the carpenter, who was a competent man, was the negligence of a fellow servant. It is only upon the assumption that the employer was under no obligation to furnish a reasonably safe staging to the plaintiff that the case is reconcilable with the doctrine of the courts of the United States in respect to the nondelegable character of the duty of the master to furnish his employés with reasonably safe appliances. In the case at bar there was no evidence tending to show that the masons, for whose use the scaffold in question was made, undertook to furnish, or build, or construct their own staging, and no evidence that it was customary for such workmen, directly employed each for himself, to build their own scaffolds. On the contrary, there was evidence tending to show that the defendant had employed one Frampton as boss carpenter to erect such scaffolding as should be needed, and to do such other carpenter work as should be needed in the progress of the building. There was evidence, therefore, from which the jury might reasonably infer that the defendants undertook to furnish all necessary scaffolding, and that they had in fact supplied a completed structure for the use of the plaintiff and his fellow masons. Whether we regard a mason's staging as a place to stand and do his work or as an appliance for the doing of his work, is not very important for the purposes of this case. If an obligation to furnish such staging was assumed by the defendants, they were bound to exercise reasonable care to furnish an appliance reasonably safe and suitable for the purpose. The distinction we draw is noted by the New York Court of Appeals in Kimmer v. Weber, 151 N. Y. 417, 421, 45 N. E. 860, 861, 56 Am. St. Rep. 630, where it is said:

"When a gang of masons are engaged in plastering or painting a room, the construction of proper platforms or places upon which to stand while doing the work is a detail of the business that is generally left to the men themselves. The master may, it is true, take this out of their hands, and assume to do it himself, and in that case he would be bound to furnish an appliance reasonably safe and suitable for the purpose."

In Connor v. Pioneer Co. (C. C.) 29 Fed. 629, Brewer, Circuit Judge, now Justice Brewer, charged a jury in a case where the plain-

tiff had been injured by the fall of a scaffold upon which he was working "that, if the defendant had furnished the material," etc., "and left with the tilers generally the duty of preparing their own platforms, and this platform, so prepared, was defective, that was the negligence of the employés, and the employer would not be liable; while, on the other hand, if the employer had employed special individuals—Mr. Simpson and his assistant—to attend to the work of preparing the platforms, and they failed to prepare a platform that was reasonably safe, their negligence was the negligence of the defendant, and the company would be responsible." If an employer undertake himself to furnish his employés with reasonably suitable and safe appliances, he does not discharge his duty by the employment of an agent to carry out his obligation. For the negligence of that agent he continues responsible. "If," says Justice Peckham, speaking for the court in Northern Pacific R. R. v. Peterson, 162 U. S. 346, 353, 16 Sup. Ct. 843, 845, 40 L. Ed. 994, "the master be neglectful in any of these matters, it is a neglect of a duty which he personally owes to his employés, and, if the employé suffer damage on account thereof, the master is liable. If, instead of personally performing these obligations, the master engages another to do them for him, he is liable for the neglect of that other, which, in such case, is not the neglect of a fellow servant, no matter what his position as to other matters, but it is the neglect of the master to do those things which it is the duty of the master to perform as such." This nondelegable character of the personal duties of an employer has been many times stated by the Supreme Court and by this court. Hough v. Ry. Co., 100 U. S. 213, 218, 25 L. Ed. 612; Northern Pac. R. Co. v. Herbert, 116 U. S. 642, 6 Sup. Ct. 590, 29 L. Ed. 755; Union Pac. R. R. v. Daniels, 152 U. S. 684, 14 Sup. Ct. 756, 38 L. Ed. 597; Texas Pac. Ry. Co. v. Barrett, 166 U. S. 617, 17 Sup. Ct. 707, 41 L. Ed. 1136; Felton v. Bullard, 94 Fed. 781, 785, 37 C. C. A. 1; L. & N. R. Co. v. Miller, 104 Fed. 124, 43 C. C. A. 436; W. U. Tel. Co. v. Burgess (C. C.) 108 Fed. 26, 33.

The judgment must be reversed, with directions to grant a new trial.