## MULLIGAN v. McDONALD.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

1. MASTER AND SERVANT (§ 185*)—NEGLIGENCE—ACTS OF FELLOW SERVANT.

     If an employé's injury resulted from the negligence of a fellow servant in not selecting a reasonably safe appliance when such appliances were provided for use by the employer, or by such fellow servant's negligence in subjecting a proper appliance to a strain not reasonably to be anticipated, the employer would not be liable therefor, in absence of statute.

     [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 392; Dec. Dig. § 185.*]

2. MASTER AND SERVANT (§ 278*)—INJURY—ACTIONS—SUFFICIENCY OF EVIDENCE —NEGLIGENCE.

     In a servant's action for injuries caused by the breaking of a steel wire guy rope, under which plaintiff was standing, the end of which knocked him off the scaffold, evidence *held* not to support a finding of negligence by the employer in failing to furnish proper rope for use by employés for that purpose.

     [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 278.*]

3. APPEAL AND ERROR (§ 856*)—REVIEW—CHANGE OF THEORY ON APPEAL.

     Where a servant's action for injuries by the breaking of a guy rope attached to a derrick was not tried on the theory of the master's liability, under the labor law, for not placing the stays and hoists so as to protect plaintiff he cannot on appeal sustain a judgment for him on that theory.

     [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3406– 3434; Dec. Dig. § 856.*]

Appeal from Trial Term, New York County.

Action by Hugh Mulligan against John B. McDonald. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Jas. F. Donnelly, for appellant.
L. F. Fish, for respondent.

SCOTT, J. Defendant appeals from a judgment entered upon a verdict and from an order denying a new trial.

The action is for damages for personal injuries. Plaintiff was a stone mason in defendant's employ, and at the time of the accident was standing upon a scaffold about 15 feet high engaged in pointing up a masonry wall. Nearly over his head, and about 30 feet above him, ran a guy rope attached to a derrick. This guy rope was one of five that held the derrick upright. It was constructed of steel wire and was about 150 feet long, running from the top of the derrick to a pin, known as a "dead man," stuck in the ground. For some reason, not clearly disclosed, this guy rope broke between plaintiff and the "dead man"; the end whipping him off the scaffold, throwing him to the ground, and producing the injuries for which he has recovered. The plaintiff testified that, after he was injured, he noticed the broken end of the guy rope, and that it was jagged and rusty. All the other testimony on the subject is to the contrary, and it may well be doubt-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ed whether the plaintiff immediately after his injury would have observed the condition of the rope very critically. Although the plaintiff served a notice in compliance with the employer's liability act, the case was tried and submitted to the jury, with plaintiff's acquiescence, as one of common-law liability.

The court properly charged the jury that:

"If the master had provided reasonably safe appliances, and plaintiff's injuries resulted in the negligence of a fellow servant in not selecting a reasonably safe appliance when reasonably safe appliances were provided for him, or if the negligence of a fellow servant in subjecting a proper appliance to a strain not reasonably to have been anticipated it would be subjected to, and negligence in either of these respects caused the plaintiff's injuries, the defendant is not liable." Vogel v. Am. Bridge Co., 180 N. Y. 373, 73 N. E. 1, 70 L. R. A. 725; McConnell v. Morse W. D. D. Co., 187 N. Y. 341, 80 N. E. 190, 10 L. R. A. (N. S.) 419.

The evidence was clear and uncontradicted that defendant kept constantly on hand a sufficient quantity of new and practically new steel wire rope to be used for guys, and that this rope was available and open to the use of the foreman rigger, who selected what he thought fit and proper. In the case of this particular derrick, he had selected and used three new pieces of rope, and two which had been used, but which he considered sufficiently strong. It did not appear which guy broke. Upon this proof, the verdict charging the defendant with negligence was clearly against the evidence, if, indeed, it did not present a case for the dismissal of the complaint. The plaintiff now seeks to sustain the judgment under section 18 of the Labor Law (Consol. Laws, c. 31), on the theory that the evidence justified a finding that the hoists, stays, and scaffolding were not so placed as to properly protect the plaintiff. Without considering the question whether or not the labor law could be held to apply to the facts proven in this case, which is at least doubtful, it is sufficient that no such claim was made in the court below, and the case was not submitted to the jury on any such theory. Rager v. Del. L. & W. R. R. Co., 64 App. Div. 134, 71 N. Y. Supp. 851.

The judgment and order appealed from are reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.