(39 App. Div. 229.)

### KIFFIN v. WENDT et al.

(Supreme Court, Appellate Division, Fourth Department.  March 22, 1899.)

1. MASTER AND SERVANT—INJURY TO SERVANT—APPLIANCES—DETAILS — MASTER'S LIABILITY.

Plaintiff was ordered to go to a building, with two other workmen, to adjust a collar on a smokestack. A ladder had been placed on the roof, which rested against a wooden cleat, securely spiked to the roof. Plaintiff stepped on the ladder before the others had left it, when it slid from the roof, carrying him to the ground, and injuring him. There was no defect in the ladder, and the cleat was so securely fastened that it did not give way; nor was there any evidence that defendant directed the ladder to be placed on the roof, or had any knowledge that it was there. Held, that the ladder was a mere temporary contrivance or detail of the work, which plaintiff and his fellow workmen were required to perform, and that defendant was not responsible for the injury.

2. SAME—FOREMAN'S KNOWLEDGE—CO-EMPLOYES.

The fact that defendant's foreman knew of the existence of the ladder at the time he ordered plaintiff on the roof would not entitle plaintiff to recover, since, if the ladder was merely a detail of the work, the foreman was, with relation to that particular act, a co-employé of the plaintiff, for whose negligence defendant was not liable, though plaintiff had no knowledge of the ladder's defective position, and had nothing to do with placing it there.

Appeal from trial term, Erie county.

Action by David Kiffin against William F. Wendt and another. From a judgment in favor of defendants, and from an order denying plaintiff's motion for a new trial on the minutes, plaintiff appeals. Affirmed.

The plaintiff, at the time he received the injury of which he complains, was in the employ of the defendants as a common laborer. While thus engaged, he was directed by the defendant's foreman or superintendent to go, in com-

pany with two other employés, upon the roof of a building occupied by the defendants, and there to adjust a collar or apron to a smokestack which had recently been erected. It seems that the defendants were engaged in putting this building and the premises upon which it was located in suitable condition for carrying on the business of manufacturing iron and steel, and, among other alterations or additions, they had caused a smokestack to be constructed and placed in position. To this end a hole had been cut in the roof of the building, through which the stack protruded, and in order to reach the same, and adjust it from the outside, some one had placed a ladder upon the roof, which extended from the eaves thereof to the stack. This ladder was an ordinary one, constructed of two side strips, about 2½ inches in width, with rounds attached thereto, which were 10 or 11 inches apart. The ladder itself was not attached to the roof, but rested against a cleat, some 3 inches thick and 2 feet in length, which was securely fastened by means of spikes. On the occasion in question the plaintiff and his two companions started to go upon the roof, one of them carrying the hood or apron. In order to reach the stack, they obtained another ladder, which they placed against the building, so as to connect with the one lying upon the roof. The plaintiff was the last of the three to ascend, and, when he came to the ladder upon the roof, one of his companions had nearly reached the stack, and the other, who carried the hood, was but a few feet therefrom. As the plaintiff started to go towards the other two, the ladder slid from the roof, carrying him with it, and he fell to the ground, striking upon his left foot, and fracturing the larger bone at the knee joint. It does not appear what caused the ladder to slip, but, as all, of the witnesses testified that ice had accumulated at the point where it rested against the cleat, it is quite probable that this circumstance, together with the fact that three men were upon the ladder at the same time, caused it to slide over the cleat, in the manner described by one of the witnesses. It is conceded that there was no defect in the ladder itself, and that the cleat was so securely fastened that it did not give away. Upon the facts above stated the plaintiff was nonsuited at the trial term, and from the judgment entered thereon this appeal is brought.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and McLENNAN, JJ.

Fitzgerald & Bell, for appellant.
John M. Chipman, for respondents.

ADAMS, J.   Giving to the plaintiff's case all the force to which it is entitled, we are nevertheless persuaded that it fails to establish a cause of action against the defendants. If the accident which resulted in the plaintiff's injuries is attributable to any cause other than that of the plaintiff's own negligence, it was due to the insecure manner in which the ladder, which the plaintiff was using as a means of access to the smokestack, was fastened to the roof. There is no evidence in the case tending to show that this ladder was placed upon the roof by the defendants' direction, or that they had any knowledge that it was there; and just who is responsible for the insecure manner in which it was adjusted does not appear. The presumption is irresistible, however, that it was simply a contrivance which had been constructed and used by the defendants' carpenter, a few days prior to the accident, to enable him to reach the smokestack, and adjust the same to the hole in the roof through which it protruded. At all events, it is perfectly obvious that the ladder, so far from being a permanent attachment to the building, was merely a temporary contrivance or expedient, which had been resorted to for a special purpose, and to meet a particular emergency. This being the case, we

think it must be regarded as in the nature of a detail of the work which the plaintiff and his fellow workmen were called upon to perform. There is evidence which would undoubtedly justify the inference that Hurley, the defendants' foreman, knew of the existence of the ladder; for, when he directed the plaintiff to assist in placing the hood upon the stack, he told him there was a ladder on the roof, and that everything was in readiness. But this fact does not strengthen the plaintiff's case; for if the use of the ladder was, as has been stated, a detail of the work, and it be assumed that it was placed in position by Hurley, or by his direction, he was, under the circumstances of the case, so far as that particular act was concerned, a co-employé of the plaintiff, for whose neglect or omission of duty the defendants were in no wise responsible, even though the plaintiff himself was not cognizant of the defective position of the ladder, and had nothing whatever to do with placing it in that position. Loughlin v. State, 105 N. Y. 159, 11 N. E. 371; Cullen v. Norton, 126 N. Y. 1, 26 N. E. 905; Butler v. Townsend, 126 N. Y. 105, 26 N. E. 1017; McCampbell v. Steamship Co., 144 N. Y. 552, 39 N. E. 637; Kimmer v. Weber, 151 N. Y. 417, 45 N. E. 860; Watts v. Beard, 18 App. Div. 243, 45 N. Y. Supp. 873.

But the learned trial justice rested his decision in part upon the assumption that the accident of which the plaintiff complains was in some measure, at least, due to his own negligence; and there is certainly much in the case to support such a conclusion. It must have been perfectly apparent to the plaintiff, when he reached the roof, that the ladder which he found there was not attached to the roof, and had no other support than such as was furnished by the cleat against which it rested. If, therefore, it was insecure, and its adjustment was defective, the plaintiff had quite as good an opportunity to know that fact as the defendants; and if, with this knowledge, he assumed the risk, he ought not now to be heard to complain. We do not, however, deem it necessary to discuss this branch of the case, inasmuch as the first ground which we have considered is, in our opinion, sufficient to uphold the nonsuit, and we prefer to rest our decision upon that.

The judgment and order appealed from should be affirmed, with costs. All concur.