properly pleaded, would have established a cause of action. Gasper v. Adams, 28 Barb. 441.

At this stage of the litigation it is unnecessary to consider whether Stadelmann's Case, supra, applies. We confine ourselves to the propriety of the nonsuit.

The judgment is affirmed, with costs. All concur.

---

(156 App. Div. 39.)

### KNAUSS v. WEBBER CONST. CO.

(Supreme Court, Appellate Division, Second Department. March 28, 1913.)

1. APPEAL AND ERROR (§ 171*)—REVIEW—THEORY OF TRIAL.

　　Where a personal injury action was tried upon the theory of common-law liability, a verdict for plaintiff cannot be sustained on appeal on any breach of statutory obligation.

　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1053–1063, 1066, 1067, 1161–1165; Dec. Dig. § 171.*]

2. MASTER AND SERVANT (§ 190*)—ACT OF FOREMAN—IMPUTATION TO EMPLOYER.

　　The act of a foreman in the construction of a concrete form, in directing workmen to use a board in attempting to straighten the front panel of the form, even if negligent, is not imputable to the employer; it being merely a temporary expedient, resorted to for a special purpose to meet a particular emergency presented in prosecuting a detail of the work.

　　[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 449–474; Dec. Dig. § 190.*]

Appeal from Trial Term, Kings County.

Action by Frederick Knauss against the Webber Construction Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

See, also, 139 N. Y. Supp. 1129.

Argued before JENKS, P. J., and BURR, CARR, RICH, and STAPLETON, JJ.

Edward M. Grout, of New York City (Charles B. La Voe, of New York City, on the brief), for appellant.

Don R. Almy, of New York City, for respondent.

STAPLETON, J. This is an appeal from a judgment entered upon a verdict rendered in favor of the plaintiff, and from an order denying a motion, made upon the minutes, to set aside the verdict and for a new trial.

The action was brought to recover damages for personal injuries. The plaintiff was a servant, and the defendant his master. The casualty occurred on November 23, 1909. The complaint pleaded negligence according to the principles of the common law. It also alleged compliance with article 16, chapter 36, Laws of 1909 (Consol. Laws 1909, c. 31).

The enterprise in which the defendant was engaged at the time was the erection of the approaches to a bridge across the Harlem river in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the city of New York. A feature of the work was the construction of temporary wooden forms, into which steel columns were placed and concrete was poured, which forms were removed when the concrete had sufficiently set. The plaintiff was employed by the defendant as a carpenter on this branch of the work.

The plaintiff narrates the transaction substantially as follows: On the morning of the casualty he reported to one Dugan, a foreman over a gang of six or eight men, who told him to put the slabbing down on a partially completed form. The slabbing consisted of four planks, 1¾ inches by 8 inches by 10 feet, and was part of the construction or box for the concrete. He started to do this work. He discovered that one of the boards in the front panel of the form bulged out to such an extent that it should be straightened. The panel was 3 feet in height. He, at the time, was standing on a platform exterior to which there was an opening 22 feet in depth between it and an outer wall 10 feet away. He tried to straighten the panel with his hand and right knee, but did not succeed. He thereupon went to Mr. Dugan, and asked Dugan if he had a crowbar or something, or some appliance with which he could pull the slabbing and panel into position. Dugan replied, "No, there is no such thing on the job as a crowbar," and Dugan picked up a board and said, "Use this." The plaintiff took the board and used it. It was seven-eighths of an inch in thickness, 5½ inches in width, and from 5½ to 6 feet in length, "sleeted" over with concrete. There was a supply of lumber on the job. The plaintiff placed the board down back against the brace, and while standing on the platform or plank he put his knee against the panel and pulled on the board, using it as a lever or pry; and while pulling the board it snapped and broke, and plaintiff fell from the platform or plank to the ground, 22 feet below. A witness for plaintiff said that there was a large circular knot, about 3 inches in diameter, in the board at the place where the break occurred. Another saw the sign of a knot in the broken plank.

The defendant's version is quite at variance with that of the plaintiff. Its version is that the plaintiff and his companion worker were handling a stringer on the back side of a panel of the form; that each was holding his end up; that the companion was holding with his right hand on the top of the panel, and with his left hand was holding the plank; that plaintiff's hand slipped, and he tumbled from the plank upon which he was standing; that he had nothing in his hand, except the board that he was holding for his companion to nail; that no material, tools, implements, or board broke at the time the plaintiff fell; and that Dugan was not at or near the place where plaintiff and his companion were working on the morning of the accident.

There was evidence in the case that there were crowbars, furnished by the defendant, in the locker house, which was near where plaintiff was working. There was evidence in the case that Dugan gave no direction, and, indeed, was not there; that he did no work of superintendence on that section of the work; that there was no bulge; that there was no necessity for an implement.

[1] The case was submitted to the jury exclusively upon the theory ·

that the liability of the defendant was to be determined by common-law rules. The plaintiff's verdict. therefore, must be sustained, if at all, by a case predicated upon those principles, and can receive no support from any breach of obligations imposed by statute. Curran v. Manhattan Ry. Co., 118 App. Div. 347, 103 N. Y. Supp. 351; Glynn v. N. Y. C. & H. R. R. R. Co., 125 App. Div. 186, 109 N. Y. Supp. 103.

[2] The theory of submission was that the master failed in his duty to furnish his servant with an adequate and safe appliance and such as is usual in the prosecution of the master's business. The sole act of omission or commission that the court pointed out in its charge to the jury was stated in the following language:

"The negligence of Dugan, which might be attributed to the defendant, would be the failure of Dugan to keep up or perform the duty of the defendant of furnishing the plaintiff with a reasonably safe tool to do his work. If Dugan did that, that being the only act of negligence attributable to him, he was not negligent, and consequently the company was not negligent. If, however, he omitted his duty of furnishing the plaintiff with a reasonably safe tool for the operations properly within the line of plaintiff's work, then he was negligent, and the negligence of the company would follow."

To this declaration of the law an exception was taken by the defendant. It also excepted to the denial of its motion to dismiss the complaint at the close of plaintiff's case and at the close of the entire case. Plaintiff made no move to have any other question submitted.

The act of Dugan in directing the plaintiff to use the plank was not the act of the alter ego of the master; it was nothing more than a temporary expedient, which was resorted to for a special purpose to meet a particular emergency presented in prosecuting a detail of the work; and for this act of a coemployé, even if negligent, the master was not responsible. Flike v. Boston & Albany R. R. Co., 53 N. Y. 549, 13 Am. Rep. 545; Crispin v. Babbitt, 81 N. Y. 516, 37 Am. Rep. 521; Marsh v. Chickering, 101 N. Y. 396, 400, 5 N. E. 56; Kiffin v. Wendt, 39 App. Div. 229, 57 N. Y. Supp. 109; Warszawski v. McWilliams, 64 App. Div. 63, 71 N. Y. Supp. 680; Rager v. D., L. & W. R. R. Co., 64 App. Div. 134, 71 N. Y. Supp. 851; Cogan v. Burnham, 175 Mass. 391, 393, 56 N. E. 585.

The exception to the part of the charge quoted requires a reversal of the judgment and order and makes unnecessary the consideration of any other question.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.